044830/14570/MSHIP

# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RURAL KING SUPPLY, INC., RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., RK HOLDINGS, LLP, RURAL KING RANTOUL, RANTOUL RURAL KING SUPPLY, INC., R.K. ADMINISTRATIVE SERVICES, LLC, STEVEN R. KRUSE, MATTHEW CONNER, Individually and as Independent Administrator of the ESTATE OF CAITLIN B. CONNER, AMANDA CONNER, Individually and as Mother and Next Friend of LILY A. LAWRENCE, and DEBRA CONNER,<br><br>Defendants. | Case Number 3:19-cv-3154 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Navigators Specialty Insurance Company ("Navigators"), by its undersigned attorneys, hereby makes its Complaint for Declaratory Judgment against Rural King Supply, Inc.; Rural King Holding Company; RKDS, LLC; Rural King Distribution & Management, Inc.; RK Holdings, LLP; Rural King Rantoul; Ranotul Rural King Supply, Inc.; R.K. Administrative Services, LLC; Steven R. Kruse; Matthew Conner, individually and as Independent Administrator of the Estate of Caitlin B. Conner; Amanda Conner, individually and as mother and next friend of Lily A. Lawrence; and Debra Conner, and alleges as follows:

### I.   NATURE OF ACTION

1.   This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Navigators seeks a determination that it has no duty to defend or indemnify Rural King Supply, Inc., Rural King Holding Company, RKDS, LLC, Rural King

Distribution and Management, Inc., RK Holdings, LLP, Rural King Rantoul[1], Rantoul Rural King Supply, Inc. ("Rantoul"), R.K. Administrative Services ("R.K. Administrative"), or Steven R. Kruse under a commercial general liability policy issued by Navigators ("the Navigators Policy") with respect the underlying lawsuit identified in this Complaint.

## II.     PARTIES

2.     Plaintiff Navigators is an insurance company organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

3.     Defendant Rural King Supply, Inc. is an Illinois corporation with its principal place of business in Mattoon, Illinois.

4.     Defendant Rural King Holding Company is an Illinois corporation with its principal place of business in Mattoon, Illinois.

5.     Defendant RKDS, LLC is an Illinois limited liability company with its principal place of business in Mattoon, Illinois. All members of RKDS, LLC are Illinois citizens.

6.     Defendant Rural King Distribution & Management, Inc. is an Illinois corporation with its principal place of business in Mattoon, Illinois.

7.     Defendant RK Holdings, LLP is an Illinois partnership with its principal place of business in Mattoon, Illinois. All members of RK Holdings, LLP are Illinois citizens.

8.     Defendant Rural King Rantoul is an Illinois corporation with its principal place of business in Mattoon, Illinois.

9.     Defendant Rantoul Rural King Supply, Inc. is an Illinois corporation with its principal place of business in Mattoon, Illinois.

---

[1] Rural King Holding Company, Rantoul Rural King Supply, Inc., RKDS, LLC, Rural King Distribution and Management, Inc., R.K. Holdings, LLP, and Rural King Rantoul are collectively, at times, referred to herein as "Rural King."

10. Defendant R.K. Administrative Services, LLC is an Illinois partnership with its principal place of business in Mattoon, Illinois. All members of RK Holdings, LLP are Illinois citizens.

11. Defendant Steven R. Kruse is a citizen of Illinois.

12. Defendants Matthew Conner, Amanda Conner, and Debra Conner are citizens of Illinois. Matthew Conner, Amanda Conner, and Debra Conner have been named as parties to the extent that they may be deemed to be interested or necessary parties in this matter.

### III. JURISDICTION AND VENUE

13. This Complaint is brought pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

14. An actual justiciable controversy exists between Navigators, on the one hand, and Rural King, Rantoul, R.K. Administrative and Steven R. Kruse, on the other hand, within the meaning of 28 U.S.C. § 2201 regarding whether Navigators has a duty to defend and indemnify Rural King, Rantoul, R.K. Administrative or Steven R. Kruse under the Navigators Policy, as more particularly described below.

15. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, in that Rural King, Rantoul, R.K. Administrative and Steven R. Kruse reside in this judicial district for venue purposes, and the underlying lawsuit is pending in this judicial district.

## IV. UNDERLYING LAWSUIT

17. On October 26, 2018, Matthew Conner, individually and as Independent Administrator of the Estate of Caitlin Conner, Amanda Conner, individually and as mother and next friend of Lily A. Lawrence, and Debra Conner filed a lawsuit against Rural King and Steven R. Kruse in the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois, entitled: *Matthew Conner, et al. v. Rural King Supply, et al.*, Case No. 18 L 00183 ("the *Conner* lawsuit"). (A copy of the Complaint at Law in the *Conner* lawsuit is attached hereto and made a part hereof as Exhibit "A").

18. On May 30, 2019, a First Amended Complaint at Law was filed, adding Rantoul and R.K. Administrative as defendants. (A copy of the First Amended Complaint at Law in the *Conner* lawsuit is attached hereto and made a part hereof as Exhibit "B").

19. The *Conner* lawsuit relates to a rear end motor vehicle collision that occurred on June 8, 2017, when the 2000 Jeep Grand Cherokee Laredo being driven by Steven Kruse allegedly struck the rear of the 2008 Chevrolet Cobalt being driven by Debra Conner, in which Caitlin Conner and Lily Lawrence were passengers, while both vehicles were traveling southbound on Interstate 57 at or near .52 miles north of Milepost 237 in Champaign County, Illinois. (Exhibit B, ¶4, ¶10, ¶11, ¶12, ¶13, ¶15).

20. In the First Amended Complaint at Law, the plaintiffs allege that Steven Kruse owned, operated, maintained, and controlled the 2000 Jeep Grand Cherokee Laredo and was acting as an employee and/or agent of Rural King within the scope of his employment at the time of the collision. (Exhibit B, Count I ¶3, ¶4).

21. In the First Amended Complaint at Law, the plaintiffs allege that Steven Kruse owned, operated, maintained, and controlled the 2000 Jeep Grand Cherokee Laredo and was

acting as an employee and/or agent of Rantoul within the scope of his employment at the time of the collision. (Exhibit B, Count XIII ¶3, ¶4).

22.     In the First Amended Complaint at Law, the plaintiffs allege that Steven Kruse owned, operated, maintained, and controlled the 2000 Jeep Grand Cherokee Laredo and was acting as an employee and/or agent of R.K. Administrative within the scope of his employment at the time of the collision. (Exhibit B, Count XV ¶3, ¶4).

23.     According to the First Amended Complaint at Law, on and prior to June 8, 2017, Rural King provided a cell phone to Steven Kruse. (Exhibit B, Count I ¶5).

24.     According to the First Amended Complaint at Law, on and prior to June 8, 2017, Rantoul provided a cell phone to Steven Kruse. (Exhibit B, Count XIII ¶5).

25.     According to the First Amended Complaint at Law, on and prior to June 8, 2017, Rantoul provided a cell phone to Steven Kruse. (Exhibit B, Count XV ¶5).

26.     The *Conner* lawsuit alleges that prior to the collision, another employee and/or agent of Rural King sent Steven Kruse a cell phone text message concerning the business of Rural King. Mr. Kruse allegedly diverted his attention from the roadway to obtain his cell phone and read the text message from the Rural King employee. (Exhibit B, Count I ¶7, ¶8).

27.     The *Conner* lawsuit alleges that prior to the collision, another employee and/or agent of Rantoul sent Steven Kruse a cell phone text message concerning the business of Rantoul. Mr. Kruse allegedly diverted his attention from the roadway to obtain his cell phone and read the text message from the Rantoul employee. (Exhibit B, Count XIII ¶7, ¶8).

28.     The *Conner* lawsuit alleges that prior to the collision, another employee and/or agent of R.K. Administrative sent Steven Kruse a cell phone text message concerning the business of R.K. Administrative. Mr. Kruse allegedly diverted his attention from the roadway to

5

obtain his cell phone and read the text message from the R.K. Administrative employee. (Exhibit B, Count XV ¶7, ¶8).

29. As a result of taking his eyes off of the roadway to obtain his cell phone and read the text message, Mr. Kruse's vehicle allegedly crashed into the rear of Debra Conner's vehicle, causing Ms. Conner's vehicle to be pushed into the back of a semi tractor trailer truck. (Exhibit B, Count I ¶15; Count XIII ¶15; Count XV ¶15).

30. The plaintiffs assert that Rural King and Steven Kruse committed multiple acts or omissions, including the following:

- negligently operating, maintaining, and controlling their motor vehicle;

- operating their motor vehicle with a willful and wanton disregard for the safety of persons in violation of 625 ILCS 5/11-503;

- failing to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

- driving their vehicle into the rear end of the vehicle driven by Debra Conner;

- failing to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

- operating a motor vehicle while distracted by his cell phone;

- failing to disable or turn off a cell phone while operating his motor vehicle;

- operating a motor vehicle in violation of rules and regulations pertaining to distracted driving, including 625 ILCS 5/12-610.2(b);

- reaching for and obtaining his cell phone in response to a notification of an incoming text message in violation of 625 ILCS 5/12-610.2, *et seq.*;

- using his cell phone while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons;

- committing aggravated use of an electronic communication device in violation of 625 ILCS 5/12-610.2(b-5);

6

- failing to provide proper training and instruction concerning the hazards of using cell phones while operating a motor vehicle;

- failing to prohibit its employees and agents from using a cell phone in any manner while operating a motor vehicle; and

- failing to require its employees or agents to turn off, disable and/or store their cell phones in an unreachable location while operating a motor vehicle.

31. The plaintiffs assert that Rantoul and Steven Kruse committed multiple acts or omissions, including the following:

- negligently operating, maintaining, and controlling their motor vehicle;

- operating their motor vehicle with a willful and wanton disregard for the safety of persons in violation of 625 ILCS 5/11-503;

- failing to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

- driving their vehicle into the rear end of the vehicle driven by Debra Conner;

- failing to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

- operating a motor vehicle while distracted by his cell phone;

- failing to disable or turn off a cell phone while operating his motor vehicle;

- operating a motor vehicle in violation of rules and regulations pertaining to distracted driving, including 625 ILCS 5/12-610.2(b);

- reaching for and obtaining his cell phone in response to a notification of an incoming text message in violation of 625 ILCS 5/12-610.2, *et seq.*;

- using his cell phone while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons;

- committing aggravated use of an electronic communication device in violation of 625 ILCS 5/12-610.2(b-5);

- failing to provide proper training and instruction concerning the hazards of using cell phones while operating a motor vehicle;

- failing to prohibit its employees and agents from using a cell phone in any manner while operating a motor vehicle; and

- failing to require its employees or agents to turn off, disable and/or store their cell phones in an unreachable location while operating a motor vehicle.

32. The plaintiffs assert that R.K. Administrative and Steven Kruse committed multiple acts or omissions, including the following:

- negligently operating, maintaining, and controlling their motor vehicle;

- operating their motor vehicle with a willful and wanton disregard for the safety of persons in violation of 625 ILCS 5/11-503;

- failing to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

- driving their vehicle into the rear end of the vehicle driven by Debra Conner;

- failing to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

- operating a motor vehicle while distracted by his cell phone;

- failing to disable or turn off a cell phone while operating his motor vehicle;

- operating a motor vehicle in violation of rules and regulations pertaining to distracted driving, including 625 ILCS 5/12-610.2(b);

- reaching for and obtaining his cell phone in response to a notification of an incoming text message in violation of 625 ILCS 5/12-610.2, *et seq.*;

- using his cell phone while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons;

- committing aggravated use of an electronic communication device in violation of 625 ILCS 5/12-610.2(b-5);

8

- failing to provide proper training and instruction concerning the hazards of using cell phones while operating a motor vehicle;

- failing to prohibit its employees and agents from using a cell phone in any manner while operating a motor vehicle; and

- failing to require its employees or agents to turn off, disable and/or store their cell phones in an unreachable location while operating a motor vehicle.

33. Steven Kruse owned the 2000 Jeep Grand Cherokee Laredo involved in the June 8, 2017 collision.

## V.    THE NAVIGATORS POLICY

34. Navigators issued commercial lines Policy No. GA17CGL125587IC to RK Holdings, LLP, which was in effect from March 31, 2017 to March 31, 2018, with limits of $1 million each occurrence and $2 million in the general aggregate. (A copy of the Navigators Policy with potential confidential/proprietary information redacted therefrom is attached hereto and made a part hereof as Exhibit "C").

35. The Navigators Policy provides, in part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM
(CG 00 01 12 07)**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** - Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** - Definitions.

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**

**LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured be-comes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

   b. This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence"….

2. **Exclusions**

   This insurance does not apply to….

   a. **Expected Or Intended Injury**

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured....

   g. **Aircraft, Auto Or Watercraft**

   "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading.

   This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or water-craft that is owned or operated by or rented or loaned to any insured….

4. **Other Insurance**

   If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** and **B** of this Coverage Part, our obligations are limited as follows:

. . .

    **b.**    **Excess Insurance**

        **(1)**    This insurance is excess over:

            **(a)**    Any of the other insurance, whether primary, excess, contingent or on any other basis:

            **(iv)**    If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section I – Coverage A – Bodily Injury And Property Damage Liability.

**SECTION II – WHO IS AN INSURED**

**1.**    If you are designed in the Declarations as:

. . .

    **d.**    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders....

**2.**    Each of the following is also an insured:

    **a.**    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (ii you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business….

\*   \*   \*

**BROAD NAMED INSURED AMENDMENT (NPC 821 11 10)**

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

SECTION II – WHO IS AN INSURED, Number 3., is deleted in its entirety and replaced with the following:

3.    Any organization that you own at the inception of this policy, or newly

acquire or form during the policy period, and over which you maintain during the policy period majority ownership or majority interest, will qualify as a Named Insured if:

a. There is no other similar insurance available to that organization; and

b. The first Named Insured shown in the Declarations has the responsibility of placing insurance for that organization; and

c. That organization is incorporated or organized under the laws of the United States of America.

However:

1. Coverage under this provision 3. is afforded only until the next occurring annual anniversary of the beginning of the policy period shown in the Declarations, or the end of the policy period, whichever is earlier;

2. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization....

\* \* \*

**SELF-INSURED RETENTION - CLAIM EXPENSES ERODING THE RETENTION (NPC 704 06 13)**

. . .

This endorsement modifies insurance provided under the following coverage parts if such are a part of this Policy:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**
**LIQUOR LIABIUTY COVERAGE PART**

**Schedule**

| | |
|---|---|
| **Each Occurrence "Self-Insured Retention" Amount:** | $100,000 |
| **Each Claim "Self-Insured Retention" Amount:** | $N/A |
| **Aggregate "Self-Insured Retention" Amount** (if applicable)**:** | $N/A |
| **Third Party Claims Administrator:** **Address:** | **Center Street Services** **111 Center Street** **Little Rock, AR 72201** |

| | |
|---|---|
| Contact: | Denver Fletcher |
| Telephone: | 501-377-8309 Fax-501-537-6033 |

This insurance is subject to the following additional provisions. In the event of conflict with any provision elsewhere in the coverage form, the provisions of this endorsement will control the application of insurance to which the coverage part applies.

**I.   COVERAGE:**

Our obligation to pay sums under **SECTION I, 1. Insuring Agreement** of this Coverage Part for damages to which this insurance applies, and our obligation to defend you against any claim or "suit" because of those damages is changed as set out below.

**1.**   We will only pay that portion of the "Ultimate Net Loss" to which this insurance applies that is in excess of the "Self-Insured Retentions" shown in the Schedule above. Before we have any obligation to pay any of the "Ultimate Net Loss", you must pay the full amount of the applicable "Self-Insured Retention" Amount shown in the Schedule regardless of Insolvency or bankruptcy by you or the number of claims or "suits" or amount of "claims expense". In no event shall this policy be obligated to satisfy your obligations for payment of "Self Insured Retention" amounts or "claim expense".

   **a.**   The **Each Occurrence "Self-Insured Retention" Amount** listed in the Schedule applies to

      **(1)**   All covered damages and "claims expense" as a result of an "occurrence" under the **COMMERCIAL GENERAL LIABILITY COVERAGE PART** and/or the **PRODUCTS/ COMPLETED OPERATIONS LIABILITY COVERAGE PART**, and/or…

**2.**   **Defense and Settlement of Claims and Suits**

   **a.**   Your obligations:

      **(1)**   The defense of claims and "suits" seeking damages to which this policy applies that are within the "Self-Insured Retention" and payment of all "claims expense" that are within the "Self-Insured Retention" are your obligations....

   **b.**   Defense by us:

13

      **(1)**    We have the right and the duty to investigate and defend that part of any claim or "suit" that seeks damages to which this insurance applies that are in excess of the "Self-Insured Retention", or which, in our opinion, may expose us to a payment under this policy.

      **(2)**    Our duty to investigate and defend claims or "suits" and/or to pay "claims expense" applies only after the "Self-Insured Retention" has been paid out in satisfaction or settlement of claims or "suits", or paid out in "claims expense".....

**III.**    **Additional Definitions**

The following definitions are added to **SECTION V. DEFINITIONS**:

**1.**    "Claims expense" means all fees, costs and expenses incurred in the investigation, defense and settlement of any claim or "suit" under this insurance, including but not limited to attorney's fees, court reporter lees, charges for independent medical examinations, and expert witnesses. "Claims expense" will not include salaried employees, counsel on retainer and office expenses of either you or us.

**2.**    "Self-Insured Retention" means the amount of liability shown in the Schedule above for either the **Each Occurrence "Self-Insured Retention" Amount** or the **Aggregate "Self-Insured Retention" Amount** (if shown) which you shall become legally obligated to pay because of "bodily injury", "property damage", "advertising injury", "personal injury", 'medical payments" or any other such coverage included in the policy sustained by one or more persons or organizations.

**3.**    "Ultimate Net Loss" means the sum or sums, after deduction of all collectible recoveries or salvage, that are:

      **a.**    In excess of the "Self-Insured Retention"; and

      **b.**    Actually paid or that you are obligated to pay as damages and "claims expense" in the investigation and satisfaction of claims or "suits" to which this insurance applies.

*   *   *

**COUNT I – DECLARATORY JUDGMENT**

36. Navigators repeats and re-alleges the allegations in Paragraphs 1 through 35 as though fully set forth herein Count I.

37. Navigators owes no duty to defend or indemnify Rural King Supply, Inc., Rural King Holding Company, RKDS, LLC, Rural King Distribution and Management, Inc., RK Holdings, LLP, Rural King Rantoul, Rantoul Rural King Supply, Inc., R.K. Administrative Services, or Steven R. Kruse under the Navigators Policy for the following reasons, pled in addition or in the alternative to one another:

    a. The *Conner* lawsuit does not allege "bodily injury" that is caused by an "occurrence";

    b. Coverage is precluded by the exclusion for "bodily injury" that is expected or intended from the standpoint of the insured;

    c. Coverage is precluded by the exclusion for "bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to any insured;

    d. It would be against public policy for insurance to provide coverage for the defendants' acts or omissions or the relief sought, including but not limited to statutory damages and willful and wanton conduct;

    e. Coverage is not afforded to Rural King Supply, Inc., Rural King Holding Company, RKDS, LLC, Rural King Distribution & Management, Inc., Rural King Rantoul, or Steven R. Kruse to the extent that they do not qualify as insureds under the Navigators Policy;

    f. Any coverage afforded by the Navigators Policy is excess over any coverage afforded by the auto insurer for Steven Kruse, the owner of the 2000 Jeep Grand Cherokee Laredo;

    g. Navigators' duty to defend is deferred until the $100,000 self-insured retention is satisfied pursuant to the Self-Insured Retention – Claims Eroding The Retention Endorsement.

WHEREFORE, pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Navigators requests that the Court find and declare the following:

A. Navigators does not have a duty to defend Rural King Supply, Inc., Rural King Holding Company, RKDS, LLC, Rural King Distribution and Management, Inc., RK Holdings, LLP, Rural King Rantoul, Rantoul Rural King Supply, Inc., R.K. Administrative Services, or Steven R. Kruse under the Navigators Policy, No. GA17CGL125587IC, in connection with the *Conner* Lawsuit, Court No. 18 L 000183;

B. Navigators does not have a duty to indemnify Rural King Supply, Inc., Rural King Holding Company, RKDS, LLC, Rural King Distribution and Management, Inc., RK Holdings, LLP, Rural King Rantoul, Rantoul Rural King Supply, Inc., R.K. Administrative Services, or Steven R. Kruse under the Navigators Policy, No. GA17CGL125587IC, in connection with the *Conner* Lawsuit, Court No. 18 L 000183; and

C. Navigators is entitled to such additional relief that this Court deems just and equitable.

          Respectfully submitted,

          Cassiday Schade LLP

          By: /s/ William H. Schramm, III
              One of the Attorneys for the Plaintiff, Navigators Specialty Insurance Company

John D. Hackett (ARDC #6196747)
Margaret A. Shipitalo (ARDC #6300855)
William H. Schramm, III (ARDC #6306944)
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
jhackett@cassiday.com
mshipitalo@cassiday.com
wschramm@cassiday.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 13, 2019 I electronically filed the foregoing document with the clerk of the court for the Central District of Illinois, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

                                                          /s/ William H. Schramm, III

9180140