E-FILED
Thursday, 13 June, 2019  03:11:27 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT B



FILED
SIXTH JUDICIAL CIRCUIT
5/30/2019 11:31 AM
By: SW

*Katie M. Blakeman*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT, CHAMPAIGN COUNTY

| | | |
|---|---|---|
| MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a minor, AMANDA CONNER, individually and as mother and next friend of LILY A. LAWRENCE, a minor, and DEBRA J. CONNER, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2018 L 000183 |
| RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS, LLP, RURAL KING RANTOUL, RANTOUL RURAL KING SUPPLY, INC., R.K. ADMINISTRATIVE SERVICES, LLC) and STEVEN R. KRUSE, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

## FIRST AMENDED COMPLAINT AT LAW

Plaintiffs, MATTHEW CONNER, individually and as Independent Administrator of the

Estate of CAITLIN B. CONNER, a minor, AMANDA CONNER, individually and as mother

and next friend of LILY A. LAWRENCE, a minor, and DEBRA J. CONNER, individually,

complaining of Defendants, RURAL KING SUPPLY, RURAL KING HOLDING COMPANY,

RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS,

LLP, and RURAL KING RANTOUL, hereinafter collectively referred to as RURAL KING,

1

**EXHIBIT B**

RANTOUL RURAL KING SUPPLY, INC., R.K. ADMINISTRATIVE SERVICES, LLC, and
STEVEN R. KRUSE, state as follows:

## COUNT I – WRONGFUL DEATH
## CAITLIN B. CONNER
## RURAL KING

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south
directions through Champaign County Illinois.

2.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and
home supply business and regularly conducted business in and throughout Champaign County,
Illinois.

3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee
and/or agent of RURAL KING.

4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained
and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on
Interstate 57 at or near .52 miles north of Milepost 237.

5.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic
communication device, commonly known as a cellphone, to its employee and/or agent,
Defendant STEVEN R. KRUSE.

6.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone
with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of
Milepost 237.

2

7.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

3

14.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.    On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in the course and scope of said employment and agency for Defendant RURAL KING.

17.    On and before June 8, 2017, and at all times mentioned herein, Defendant RURAL KING, individually and through their duly authorized employees and agents, including but not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others, including CAITLIN B. CONNER, a minor.

18.    On and before June 8, 2017, and at all times mentioned herein, Defendant RURAL KING, individually and through its duly authorized agents and employees, including STEVEN R. KRUSE, was negligent in one or more of the following respects:

    a.    Negligently operated, managed, maintained and controlled their motor vehicle;

    b.    Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

    c.    Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

    d.    Operated their motor vehicle with a willful or wanton disregard for the

4

safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f. Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, Chapter 625, Act 5, Section 12-601;

g. Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h. Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

i. Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

j. Failed to keep a proper lookout for traffic conditions in front of them;

k. Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l. Operated a motor vehicle while distracted by his cellphone device;

m. Failed to disable or turn off a cellphone device while operating his motor vehicle;

n. Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o. Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p. Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

5

q. Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r. Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RURAL KING, individually and by and through its agents and employees, including STEVEN R. KRUSE, CAITLIN B. CONNER, a minor, sustained injuries of a personal and pecuniary nature that resulted in her death on or about June 8, 2017.

20.    Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

6

21.     Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

22.     Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740 ILCS 108/1 *et seq.*

WHEREFORE, MATTHEW CONNER, Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, demands judgment against Defendants RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. Holdings, LLP, and RURAL KING RANTOUL, and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT II – SURVIVAL ACTION
### CAITLIN B. CONNER
### RURAL KING

1.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

7

4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone, to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in the course and scope of said employment and agency for Defendant RURAL KING.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant RURAL KING, individually and through their duly authorized employees and agents, including

9

but not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of

others, including CAITLIN B. CONNER, a minor.

18.    On and before June 8, 2017, and at all times mentioned herein, Defendant

RURAL KING, individually and through its duly authorized agents and employees, including

STEVEN R. KRUSE, was negligent in one or more of the following respects:

a.    Negligently operated, managed, maintained and controlled their motor
vehicle;

b.    Operated, managed, maintained, controlled and drove a motor vehicle
into a collision with the rear end of the vehicle then and there operated by
DEBRA J. CONNER;

c.    Operated their motor vehicle without keeping a proper and sufficient lookout
for traffic conditions on the roadway in front of them;

d.    Operated their motor vehicle with a willful or wanton disregard for the
safety of persons, in violation of Illinois Compiled Statutes, 1992,
Chapter 625, Act 5, Section 11-503;

e.    Proceeded at a speed which was greater than reasonable and proper with
regard to traffic conditions and the use of the highway, or which endangered
the safety of persons or property, in violation of Illinois Compiled
Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.    Failed to give audible warning with their horn when such warning was
reasonably necessary to ensure safety, in violation of Illinois Compiled
Statutes, Chapter 625, Act 5, Section 12-601;

g.    Failed to exercise due care to avoid colliding with Plaintiffs' vehicle
upon a roadway, and failed to give warning by sounding the horn,
in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
5, Section 11-1003.1;

h.    Failed to maintain an adequate lookout for motor vehicles traveling in
front of their vehicle;

i.    Drove their motor vehicle into the rear end of the passenger car driver
by DEBRA J. CONNER;

j.    Failed to keep a proper lookout for traffic conditions in front of them;

k.    Failed to maintain a proper distance and speed between their vehicle

and the vehicle in front of them so as to avoid a rear end collision;

l.  Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.  Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.  Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r.  Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s.  Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t.  Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u.  Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v.  Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor

11

vehicle;

w.  Was otherwise negligent.

19.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RURAL KING, individually and by and through its agents and employees, including STEVEN R. KRUSE, CAITLIN B. CONNER, sustained injuries of a personal and pecuniary nature, including conscious pain and suffering, that resulted in her death on or about June 8, 2017.

20.     Had CAITLIN B. CONNER, a minor, survived, she would have been able to bring an action for the injuries that she suffered, and this action has survived her pursuant to 735 ILCS 5/27-6, commonly referred to as the Illinois Survival Act.

21.     Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

22.     Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the provisions of the Survival Act, 735 ILCS 5/27-6.

WHEREFORE, MATTHEW CONNER, Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, demands judgment against Defendants RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS, LLP, and RURAL KING RANTOUL and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT III -NEGLIGENCE

12

### LILY A. LAWRENCE , a minor.
### RURAL KING

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in

13

front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

14

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R.

KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in

the course and scope of said employment and agency for Defendant RURAL KING.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant

RURAL KING, individually and through their duly authorized employees and agents, including

but not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of

others, including LILY A. LAWRENCE, a minor.

18.     On and before June 8, 2017, and at all times mentioned herein, Defendant

RURAL KING, individually and through its duly authorized agents and employees, including

STEVEN R. KRUSE, was negligent in one or more of the following respects:

      a.    Negligently operated, managed, maintained and controlled their motor vehicle;

      b.    Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

      c.    Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

      d.    Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

      e.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

      f.    Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled

15

Statutes, Chapter 625, Act 5, Section 12-601;

g.  Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.  Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

i.  Drove their motor vehicle into the rear end of the passenger car driver by DEBRA CONNER;

j.  Failed to keep a proper lookout for traffic conditions in front of them;

k.  Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l.  Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.  Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.  Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r.  Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of

16

625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RURAL KING, individually and by and through its agents and employees, including STEVEN R. KRUSE, LILY A. LAWRENCE, a minor, sustained injuries of a personal, pecuniary, and emotional nature.

WHEREFORE, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendants RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS, LLP, and RURAL KING RANTOUL and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

## COUNT IV – NEGLIGENCE
## DEBRA J. CONNER
## RURAL KING

17

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone, to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

18

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R.

KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in

the course and scope of said employment and agency for Defendant RURAL KING.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant

RURAL KING, individually and through their duly authorized employees and agents, including

but not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of

others, including DEBRA J. CONNER.

18.     On and before June 8, 2017, and at all times mentioned herein, Defendant

RURAL KING, individually and through its duly authorized agents and employees, including

STEVEN R. KRUSE, was negligent in one or more of the following respects:

      a.    Negligently operated, managed, maintained and controlled their motor vehicle;

      b.    Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

      c.    Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

      d.    Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

      e.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

      f.    Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled

20

Statutes, Chapter 625, Act 5, Section 12-601;

g.   Failed to exercise due care to avoid colliding with Plaintiffs' vehicle
     upon a roadway, and failed to give warning by sounding the horn,
     in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
     5, Section 11-1003.1;

h.   Failed to maintain an adequate lookout for motor vehicles traveling in
     front of their vehicle;

i.   Drove their motor vehicle into the rear end of the passenger car driver
     by DEBRA J. CONNER;

j.   Failed to keep a proper lookout for traffic conditions in front of them;

k.   Failed to maintain a proper distance and speed between their vehicle
     and the vehicle in front of them so as to avoid a rear end collision;

l.   Operated a motor vehicle while distracted by his cellphone device;

m.   Failed to disable or turn off a cellphone device while operating his motor
     vehicle;

n.   Positioned his cellphone device in a location within his vehicle where he
     could hear incoming text messages or calls when he knew or
     should have known that doing so would cause him to divert his attention
     from the roadway and vehicles in front of him;

o.   Operated a motor vehicle while using a cellphone in violation of rules and
     regulations pertaining to distracted driving, including the provisions of
     625 ILCS 5/12-610.2(b);

p.   Reached for and obtained his cellphone device in response to notification
     of an incoming text or call in violation of the provisions of 625 ILCS 5/12-
     610.2 et seq.;

q.   Used his cellphone device while operating a motor vehicle at a high speed
     when he knew or should have known that doing so created extreme
     hazards to other persons, including the occupants of the vehicle traveling
     in front of Kruse;

r.   Committed aggravated use of an electronic communication device by
     operating a motor vehicle on a roadway while using a cellphone and
     caused a motor vehicle accident that resulted in death, great bodily
     harm, disfigurement and permanent disability, in violation of

21

625 ILCS 5/12-610.2(b-5);

s.  Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t.  Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u.  Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v.  Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w.  Was otherwise negligent.

19.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RURAL KING, individually and by and through its agents and employees, including STEVEN R. KRUSE, DEBRA J. CONNER, sustained injuries of a personal, pecuniary and emotional nature.

WHEREFORE, DEBRA J. CONNER, demands judgment against Defendants RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS, LLP, and RURAL KING RANTOUL and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT V – WRONGFUL DEATH
## CAITLIN B. CONNER, a minor
## STEVEN R. KRUSE

22

1. On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County, Illinois.

2. On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3. On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

4. One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5. On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

6. On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7. On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8. On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

23

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

24

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in the course and scope of said employment and agency for Defendant RURAL KING.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE, individually and as a duly authorized employee and agent of Defendant, RURAL KING,  had a duty to exercise ordinary care for the safety of others, including CAITLIN B. CONNER, a minor.

18.     On and before June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant, RURAL KING, was negligent in one or more of the following respects:

   a.     Negligently operated, managed, maintained and controlled their motor vehicle;

   b.     Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

   c.     Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

   d.     Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

   e.     Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

   f.     Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled

25

Statutes, Chapter 625, Act 5, Section 12-601;

g.  Failed to exercise due care to avoid colliding with Plaintiffs' vehicle
upon a roadway, and failed to give warning by sounding the horn,
in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
5, Section 11-1003.1;

h.  Failed to maintain an adequate lookout for traffic conditions in
front of their vehicle;

i.  Drove their motor vehicle into the rear end of the passenger car driver
by DEBRA CONNER;

j.  Failed to keep a proper lookout for traffic conditions front of them;

k.  Failed to maintain a proper distance and speed between their vehicle
and the vehicle in front of them so as to avoid a rear end collision;

l.  Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor
vehicle;

n.  Positioned his cellphone device in a location within his vehicle where he
could hear incoming text messages or calls when he knew or
should have known that doing so would cause him to divert his attention
from the roadway and vehicles in front of him;

o.  Operated a motor vehicle while using a cellphone in violation of rules and
regulations pertaining to distracted driving, including the provisions of
625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification
of an incoming text or call in violation of the provisions of 625 ILCS 5/12-
610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed
when he knew or should have known that doing so created extreme
hazards to other persons, including the occupants of the vehicle traveling
in front of Kruse;

r.  Committed aggravated use of an electronic communication device by
operating a motor vehicle on a roadway while using a cellphone and
caused a motor vehicle accident that resulted in death, great bodily
harm, disfigurement and permanent disability, in violation of

625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant, RURAL KING,  CAITLIN B. CONNER, a minor, sustained injuries of a personal and pecuniary nature that resulted in her death on or about June 8, 2017.

20.     Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

21.     Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

22.     Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740 ILCS 108/1 *et seq.*

WHEREFORE, MATTHEW CONNER, Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, demands judgment against Defendant, STEVEN R. KRUSE, individually and as an agent and employee of Defendants RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS, LLP, and RURAL KING RANTOUL in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT VI – SURVIVAL ACTION

### CAITLIN B. CONNER

#### STEVEN R. KRUSE

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business  and regularly conducted business in and throughout Champaign County, Illinois.

3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

28

5. On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

6. On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7. On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8. On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9. On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10. On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11. On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

29

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in the course and scope of said employment and agency for Defendant RURAL KING.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE, individually and as a duly authorized employee and agent of Defendant, RURAL KING, had a duty to exercise ordinary care for the safety of others, including CAITLIN B. CONNER, a minor.

18.    On and before June 8, 2017, and at all times mentioned herein, Defendant

STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant,

RURAL KING, was negligent in one or more of the following respects:

    a.    Negligently operated, managed, maintained and controlled their motor vehicle;

    b.    Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

    c.    Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

    d.    Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, Chapter 625, Act 5, Section 12-601;

    g.    Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

    i.    Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

    j.    Failed to keep a proper lookout for traffic conditions in front of them;

    k.    Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

    l.    Operated a motor vehicle while distracted by his cellphone device;

m. Failed to disable or turn off a cellphone device while operating his motor vehicle;

n. Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o. Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p. Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 *et seq.;*

q. Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r. Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

32

19.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant, RURAL KING, CAITLIN B. CONNER, a minor, sustained injuries of a personal and pecuniary nature that resulted in her death on or about June 8, 2017.

20.     Had CAITLIN B. CONNER, a minor, survived, she would have been able to bring an action for the injuries that she suffered and this action has survived her pursuant to 735 ILCS 5/27-6, commonly referred to as the Illinois Survival Act.

21.     Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

22.     Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the provisions of the Illinois Survival Act, 735 ILCS 5/27-6.

WHEREFORE, MATTHEW CONNER, Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, demands judgment against Defendant STEVEN R. KRUSE, individually and as an employee and agent of Defendants, RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS, LLP, and RURAL KING RANTOUL, and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT VII-NEGLIGENCE

## LILY A. LAWRENCE, a minor

33

## STEVEN R. KRUSE

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.     On and before June 8, 2017, Defendant RURAL KING  was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in

34

front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R.

KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in

the course and scope of said employment and agency for Defendant RURAL KING.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant

STEVEN R. KRUSE, individually and as a duly authorized employee and agent of Defendant,

RURAL KING,  had a duty to exercise ordinary care for the safety of others, including LILY A.

LAWRENCE, a minor.

18.     On and before June 8, 2017, and at all times mentioned herein, Defendant

STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant,

RURAL KING, was negligent in one or more of the following respects:

      a.     Negligently operated, managed, maintained and controlled their motor vehicle;

      b.     Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

      c.     Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

      d.     Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

      e.     Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

      f.     Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled

Statutes, Chapter 625, Act 5, Section 12-601;

g. Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h. Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

i. Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

j. Failed to keep a proper lookout for traffic conditions in front of them;

k. Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l. Operated a motor vehicle while distracted by his cellphone device;

m. Failed to disable or turn off a cellphone device while operating his motor vehicle;

n. Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o. Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p. Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q. Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r. Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of

37

625 ILCS 5/12-610.2(b-5);

s.  Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t.  Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u.  Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v.  Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w.  Was otherwise negligent.

19.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant STEVEN R. KRUSE, individually and as a duly authorized employee and agent of Defendant, RURAL KING, LILY A. LAWRENCE, a minor, sustained injuries of a personal, pecuniary and emotional nature on or about June 8, 2017.

WHEREFORE, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendant STEVEN R. KRUSE, individually and as an agent and employee of Defendants RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS, LLP, and RURAL KING RANTOUL, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT VIII-NEGLIGENCE

### DEBRA J. CONNER

38

## STEVEN R. KRUSE

1.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

4.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.      On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.      On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8.      On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in

front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

40

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R.

KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in

the course and scope of said employment and agency for Defendant RURAL KING.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant

STEVEN R. KRUSE, individually and as a duly authorized employee and agent of Defendant,

RURAL KING,  had a duty to exercise ordinary care for the safety of others, including DEBRA

J. CONNER, a minor.

18.     On and before June 8, 2017, and at all times mentioned herein, Defendant

STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant,

RURAL KING, was negligent in one or more of the following respects:

        a.     Negligently operated, managed, maintained and controlled their motor
vehicle;

        b.     Operated, managed, maintained, controlled and drove a motor vehicle
into a collision with the rear end of the vehicle then and there operated by
DEBRA J. CONNER;

        c.     Operated their motor vehicle without keeping a proper and sufficient lookout
for traffic conditions on the roadway in front of them;

        d.     Operated their motor vehicle with a willful or wanton disregard for the
safety of persons, in violation of Illinois Compiled Statutes, 1992,
Chapter 625, Act 5, Section 11-503;

        e.     Proceeded at a speed which was greater than reasonable and proper with
regard to traffic conditions and the use of the highway, or which endangered
the safety of persons or property, in violation of Illinois Compiled
Statutes, 1992, Chapter 625, Act 5, Section 11-601;

        f.     Failed to give audible warning with their horn when such warning was
reasonably necessary to ensure safety, in violation of Illinois Compiled

41

Statutes, Chapter 625, Act 5, Section 12-601;

g.  Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.  Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

i.  Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

j.  Failed to keep a proper lookout for traffic conditions in front of them;

k.  Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l.  Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.  Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.  Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r.  Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of

625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant, RURAL KING, DEBRA J. CONNER, sustained injuries of a personal, pecuniary and emotional nature on or about June 8, 2017.

WHEREFORE, DEBRA J. CONNER demands judgment against Defendant, STEVEN R. KRUSE, individually and as an agent and employee of Defendants RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS, LLP, and RURAL KING RANTOUL, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT IX

## FAMILY EXPENSE ACT

## CAITLIN B. CONNER

43

## RURAL KING

1.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.    On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

4.    One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone, to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in

44

front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

45

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R.

KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in

the course and scope of said employment and agency for Defendant RURAL KING.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant

RURAL KING, individually and through their duly authorized employees and agents, including

but not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of

others, including CAITLIN B. CONNER, a minor.

18.     On and before June 8, 2017, and at all times mentioned herein, Defendant

RURAL KING, individually and through its duly authorized agents and employees, including

STEVEN R. KRUSE, was negligent in one or more of the following respects:

      a.    Negligently operated, managed, maintained and controlled their motor vehicle;

      b.    Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

      c.    Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

      d.    Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

      e.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

      f.    Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled

Statutes, Chapter 625, Act 5, Section 12-601;

g.   Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.   Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

i.   Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

j.   Failed to keep a proper lookout for traffic conditions in front of them;

k.   Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l.   Operated a motor vehicle while distracted by his cellphone device;

m.   Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.   Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.   Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p.   Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q.   Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r.   Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of

47

625 ILCS 5/12-610.2(b-5);

s.  Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t.  Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u.  Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v.  Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w.  Was otherwise negligent.

19.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RURAL KING, individually and through their duly authorized agents and employees, including STEVE R. KRUSE, CAITLIN B. CONNER sustained injuries of a personal and pecuniary nature, including conscious pain and suffering, that resulted in her death on or about June 8, 2017.

20.    Had CAITLIN B. CONNER, a minor, survived, she would have been able to bring an action for the injuries that she suffered, and this action has survived her pursuant to 735 ILCS 5/27-6, commonly referred to as the Illinois Survival Act.

21.    As a proximate result of the injuries sustained by CAITLIN B. CONNER, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

WHEREFORE, MATTHEW CONNER and AMANDA CONNER, as parents of CAITLIN B. CONNER, Deceased, demand judgment against Defendants RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS, LLP, and RURAL KING RANTOUL and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

### COUNT X

### FAMILY EXPENSE ACT

### LILY A. LAWRENCE

### RURAL KING

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

49

6.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

50

13.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.    On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in the course and scope of said employment and agency for Defendant RURAL KING.

17.    On and before June 8, 2017, and at all times mentioned herein, Defendant RURAL KING, individually and through their duly authorized employees and agents, including but not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others, including LILY A. LAWRENCE, a minor.

18.    On and before June 8, 2017, and at all times mentioned herein, Defendant RURAL KING, individually and through its duly authorized agents and employees, including STEVEN R. KRUSE, was negligent in one or more of the following respects:

        a.    Negligently operated, managed, maintained and controlled their motor vehicle;

        b.    Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by

DEBRA J. CONNER;

c.   Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

d.   Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.   Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.   Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, Chapter 625, Act 5, Section 12-601;

g.   Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.   Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

i.   Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

j.   Failed to keep a proper lookout for traffic conditions in front of them;

k.   Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l.   Operated a motor vehicle while distracted by his cellphone device;

m.   Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.   Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.   Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification
of an incoming text or call in violation of the provisions of 625 ILCS 5/12-
610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed
when he knew or should have known that doing so created extreme
hazards to other persons, including the occupants of the vehicle traveling
in front of Kruse;

r.  Committed aggravated use of an electronic communication device by
operating a motor vehicle on a roadway while using a cellphone and
caused a motor vehicle accident that resulted in death, great bodily
harm, disfigurement and permanent disability, in violation of
625 ILCS 5/12-610.2(b-5);

s.  Provided cellphones to its employees without giving them rules,
regulations and procedures to prevent the use of such devices while
operating a motor vehicle;

t.  Failed to provide proper training and instruction concerning the hazards
of using cellphones while operating a motor vehicle, including the
provisions of 625 ILCS 5/12-610.2 et seq.;

u.  Failed to prohibit its employees and agents from using a cellphone
device in any manner while operating a motor vehicle;

v.  Failed to require its employees or agents to turn off, disable and/or store
their cellphones in an unreachable location while operating motor
vehicles;

w. Was otherwise negligent.

19.  As a proximate result of one or more of the aforesaid negligent acts and/or

omissions of Defendant RURAL KING, individually and by and through its agents and

employees, including STEVEN R. KRUSE, LILY A. LAWRENCE, a minor, sustained injuries

of a personal, pecuniary, and emotional nature.

53

20.     As a proximate result of the injuries sustained by LILY A. LAWRENCE, her

parents MATTHEW CONNER and AMANDA CONNER because obligated for the medical

expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

WHEREFORE, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE,

a minor, demands judgment against Defendants RURAL KING SUPPLY, RURAL KING

HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT,

INC., R.K. HOLDINGS, LLP, and RURAL KING RANTOUL and each of them, in an amount

in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**COUNT XI**

**FAMILY EXPENSE ACT**

**CAITLIN B. CONNER**

**STEVEN R. KRUSE**

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south

directions through Champaign County Illinois.

2.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and

home supply business and regularly conducted business in and throughout Champaign County,

Illinois.

3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee

and/or agent of RURAL KING.

4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained

and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on

Interstate 57 at or near .52 miles north of Milepost 237.

54

5.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

55

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in the course and scope of said employment and agency for Defendant RURAL KING.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE, individually and as a duly authorized employee and agent of Defendant, RURAL KING,  had a duty to exercise ordinary care for the safety of others, including CAITLIN B. CONNER, a minor.

18.    On and before June 8, 2017, and at all times mentioned herein, Defendant

STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant,

RURAL KING, was negligent in one or more of the following respects:

    a.    Negligently operated, managed, maintained and controlled their motor vehicle;

    b.    Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

    c.    Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

    d.    Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, Chapter 625, Act 5, Section 12-601;

    g.    Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

    h.    Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

    i.    Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

    j.    Failed to keep a proper lookout for traffic conditions in front of them;

    k.    Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

    l.    Operated a motor vehicle while distracted by his cellphone device;

m. Failed to disable or turn off a cellphone device while operating his motor vehicle;

n. Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o. Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p. Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q. Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r. Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

58

19.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant STEVEN R. KRUSE,  individually and as a duly authorized employee and agent of Defendant, RURAL KING, CAITLIN B. CONNER, a minor, sustained injuries of a personal and pecuniary nature that resulted in her death on or about June 8, 2017.

20.     As a proximate result of the injuries sustained by CAITLIN B. CONNER, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

WHEREFORE, MATTHEW CONNER and AMANDA CONNER, as parents of CAITLIN CONNER, Deceased, demand judgment against Defendant, STEVEN R. KRUSE, individually and as an agent and employee of Defendant, RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS, LLP, and RURAL KING RANTOUL in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT XII

## FAMILY EXPENSE ACT

## LILY A. LAWRENCE

## STEVEN R. KRUSE

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

59

2. On and before June 8, 2017, Defendant RURAL KING KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3. On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

4. One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5. On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

6. On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7. On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

8. On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9. On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication

from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.    On June 8, 2017, Plaintiff DEBRA CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

61

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RURAL KING, and was acting in the course and scope of said employment and agency for Defendant RURAL KING.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE, individually and as a duly authorized employee and agent of Defendant, RURAL KING, had a duty to exercise ordinary care for the safety of others, including LILY A. LAWRENCE, a minor.

18.     On and before June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant, RURAL KING, was negligent in one or more of the following respects:

  a.    Negligently operated, managed, maintained and controlled their motor vehicle;

  b.    Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

  c.    Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

  d.    Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

  e.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

  f.    Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, Chapter 625, Act 5, Section 12-601;

  g.    Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

62

h.   Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

i.   Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

j.   Failed to keep a proper lookout for traffic conditions in front of them;

k.   Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l.   Operated a motor vehicle while distracted by his cellphone device;

m.   Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.   Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.   Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p.   Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q.   Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r.   Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s.   Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

63

t.  Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u.  Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v.  Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w.  Was otherwise negligent.

19.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant STEVEN R. KRUSE, individually and as a duly authorized employee and agent of Defendant, RURAL KING, LILY A. LAWRENCE, a minor, sustained injuries of a personal, pecuniary and emotional nature on or about June 8, 2017.

20.    As a proximate result of the injuries sustained by LILY A. LAWRENCE, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

WHEREFORE, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendant STEVEN R. KRUSE, individually and as an agent and employee of Defendant RURAL KING SUPPLY, RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., R.K. HOLDINGS, LLP, and RURAL KING RANTOUL in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

<u>COUNT XIII – WRONGFUL DEATH</u>
<u>CAITLIN B. CONNER</u>
<u>RANTOUL RURAL KING SUPPLY, INC.</u>

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the

Estate of CAITLIN B. CONNER, a Deceased minor, complaining of Defendant, RANTOUL

RURAL KING SUPPLY, INC., (hereinafter RANTOUL) states as follows:

1.      On and before June 8, 2017, Interstate 57 generally ran in north and south

directions through Champaign County Illinois.

2.      On and before June 8, 2017, Defendant RANTOUL was a retail farm and home

supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee

and/or agent of RANTOUL.

4.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained

and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on

Interstate 57 at or near .52 miles north of Milepost 237.

5.      On and before June 8, 2017, Defendant RANTOUL had provided an electronic

communication device, commonly known as a cellphone, to its employee and/or agent,

Defendant STEVEN R. KRUSE.

6.      On June 8, 2017, Defendant KRUSE had his RANTOUL provided cellphone with

him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost

237.

65

7.     On June 8, 2017, another employee and/or agent of RANTOUL contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RANTOUL.

8.     On June 8, 2017, the incoming text message from a RANTOUL employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RANTOUL employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

66

14.    On June 8, 2017, at the aforesaid location, while using his RANTOUL provided cellphone to read an incoming text message communication sent by a RANTOUL employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.    On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RANTOUL, and was acting in the course and scope of said employment and agency for Defendant RANTOUL.

17.    On and before June 8, 2017, and at all times mentioned herein, Defendant RANTOUL, individually and through their duly authorized employees and agents, including but not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others, including CAITLIN B. CONNER, a minor.

18.    On and before June 8, 2017, and at all times mentioned herein, Defendant RANTOUL, individually and through its duly authorized agents and employees, including STEVEN R. KRUSE, was negligent in one or more of the following respects:

    a.    Negligently operated, managed, maintained and controlled their motor vehicle;

    b.    Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

    c.    Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

    d.    Operated their motor vehicle with a willful or wanton disregard for the

safety of persons, in violation of Illinois Compiled Statutes, 1992,
Chapter 625, Act 5, Section 11-503;

e.    Proceeded at a speed which was greater than reasonable and proper with
regard to traffic conditions and the use of the highway, or which endangered
the safety of persons or property, in violation of Illinois Compiled
Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.    Failed to give audible warning with their horn when such warning was
reasonably necessary to ensure safety, in violation of Illinois Compiled
Statutes, Chapter 625, Act 5, Section 12-601;

g.    Failed to exercise due care to avoid colliding with Plaintiffs' vehicle
upon a roadway, and failed to give warning by sounding the horn,
in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
5, Section 11-1003.1;

h.    Failed to maintain an adequate lookout for motor vehicles traveling in
front of their vehicle;

i.    Drove their motor vehicle into the rear end of the passenger car driver
by DEBRA J. CONNER;

j.    Failed to keep a proper lookout for traffic conditions in front of them;

k.    Failed to maintain a proper distance and speed between their vehicle
and the vehicle in front of them so as to avoid a rear end collision;

l.    Operated a motor vehicle while distracted by his cellphone device;

m.    Failed to disable or turn off a cellphone device while operating his motor
vehicle;

n.    Positioned his cellphone device in a location within his vehicle where he
could hear incoming text messages or calls when he knew or
should have known that doing so would cause him to divert his attention
from the roadway and vehicles in front of him;

o.    Operated a motor vehicle while using a cellphone in violation of rules and
regulations pertaining to distracted driving, including the provisions of
625 ILCS 5/12-610.2(b);

p.    Reached for and obtained his cellphone device in response to notification
of an incoming text or call in violation of the provisions of 625 ILCS 5/12-
610.2 et seq.;

68

q. Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r. Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RANTOUL, individually and by and through its agents and employees, including STEVEN R. KRUSE, CAITLIN B. CONNER, a minor, sustained injuries of a personal and pecuniary nature that resulted in her death on or about June 8, 2017.

20.     Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

69

21.     Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

22.     Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740 ILCS 108/1 *et seq.*

WHEREFORE, MATTHEW CONNER, Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, demands judgment against Defendant RANTOUL RURAL KING SUPPLY, INC., in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT XIV – SURVIVAL ACTION

## CAITLIN B. CONNER

## RANTOUL RURAL KING SUPPLY, INC.

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a Deceased minor, complaining of Defendant, RANTOUL RURAL KING SUPPLY, INC., (hereinafter RANTOUL) states as follows:

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.     On and before June 8, 2017, Defendant RANTOUL was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RANTOUL.

70

4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.     On and before June 8, 2017, Defendant RANTOUL had provided an electronic communication device, commonly known as a cellphone, to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.     On June 8, 2017, Defendant KRUSE had his RANTOUL provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.     On June 8, 2017, another employee and/or agent of RANTOUL contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RANTOUL.

8.     On June 8, 2017, the incoming text message from a RANTOUL employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RANTOUL employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RANTOUL provided cellphone to read an incoming text message communication sent by a RANTOUL employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RANTOUL, and was acting in the course and scope of said employment and agency for Defendant RANTOUL.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant RANTOUL, individually and through their duly authorized employees and agents, including but

72

not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others,

including CAITLIN B. CONNER, a minor.

18.    On and before June 8, 2017, and at all times mentioned herein, Defendant

RANTOUL, individually and through its duly authorized agents and employees, including

STEVEN R. KRUSE, was negligent in one or more of the following respects:

    a.    Negligently operated, managed, maintained and controlled their motor
        vehicle;

    b.    Operated, managed, maintained, controlled and drove a motor vehicle
        into a collision with the rear end of the vehicle then and there operated by
        DEBRA J. CONNER;

    c.    Operated their motor vehicle without keeping a proper and sufficient lookout
        for traffic conditions on the roadway in front of them;

    d.    Operated their motor vehicle with a willful or wanton disregard for the
        safety of persons, in violation of Illinois Compiled Statutes, 1992,
        Chapter 625, Act 5, Section 11-503;

    e.    Proceeded at a speed which was greater than reasonable and proper with
        regard to traffic conditions and the use of the highway, or which endangered
        the safety of persons or property, in violation of Illinois Compiled
        Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    Failed to give audible warning with their horn when such warning was
        reasonably necessary to ensure safety, in violation of Illinois Compiled
        Statutes, Chapter 625, Act 5, Section 12-601;

    g.    Failed to exercise due care to avoid colliding with Plaintiffs' vehicle
        upon a roadway, and failed to give warning by sounding the horn,
        in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
        5, Section 11-1003.1;

    h.    Failed to maintain an adequate lookout for motor vehicles traveling in
        front of their vehicle;

    i.    Drove their motor vehicle into the rear end of the passenger car driver
        by DEBRA J. CONNER;

    j.    Failed to keep a proper lookout for traffic conditions in front of them;

    k.    Failed to maintain a proper distance and speed between their vehicle

and the vehicle in front of them so as to avoid a rear end collision;

l.   Operated a motor vehicle while distracted by his cellphone device;

m.   Failed to disable or turn off a cellphone device while operating his motor
vehicle;

n.   Positioned his cellphone device in a location within his vehicle where he
could hear incoming text messages or calls when he knew or
should have known that doing so would cause him to divert his attention
from the roadway and vehicles in front of him;

o.   Operated a motor vehicle while using a cellphone in violation of rules and
regulations pertaining to distracted driving, including the provisions of
625 ILCS 5/12-610.2(b);

p.   Reached for and obtained his cellphone device in response to notification
of an incoming text or call in violation of the provisions of 625 ILCS 5/12-
610.2 et seq.;

q.   Used his cellphone device while operating a motor vehicle at a high speed
when he knew or should have known that doing so created extreme
hazards to other persons, including the occupants of the vehicle traveling
in front of Kruse;

r.   Committed aggravated use of an electronic communication device by
operating a motor vehicle on a roadway while using a cellphone and
caused a motor vehicle accident that resulted in death, great bodily
harm, disfigurement and permanent disability, in violation of
625 ILCS 5/12-610.2(b-5);

s.   Provided cellphones to its employees without giving them rules,
regulations and procedures to prevent the use of such devices while
operating a motor vehicle;

t.   Failed to provide proper training and instruction concerning the hazards
of using cellphones while operating a motor vehicle, including the
provisions of 625 ILCS 5/12-610.2 et seq.;

u.   Failed to prohibit its employees and agents from using a cellphone
device in any manner while operating a motor vehicle;

v.   Failed to require its employees or agents to turn off, disable and/or store
their cellphones in an unreachable location while operating motor

vehicle;

w.  Was otherwise negligent.

19.    As a proximate result of one or more of the aforesaid negligent acts and/or

omissions of Defendant RANTOUL, individually and by and through its agents and employees,

including STEVEN R. KRUSE, CAITLIN B. CONNER, sustained injuries of a personal and

pecuniary nature, including conscious pain and suffering, that resulted in her death on or about

June 8, 2017.

20.    Had CAITLIN B. CONNER, a minor, survived, she would have been able to

bring an action for the injuries that she suffered, and this action has survived her pursuant to 735

ILCS 5/27-6, commonly referred to as the Illinois Survival Act.

21.    Plaintiff MATTHEW CONNER has been appointed Independent Administrator of

the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial

District in Douglas County, Illinois.

22.    Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of

CAITLIN B. CONNER, Deceased, brings this action pursuant to the provisions of the Survival

Act, 735 ILCS 5/27-6.

WHEREFORE, MATTHEW CONNER, Independent Administrator of the Estate of

CAITLIN B. CONNER, Deceased, demands judgment against Defendant RANTOUL RURAL

KING SUPPLY, INC., in an amount in excess of the jurisdictional limits of the Circuit Court of

Champaign County, Illinois.

## COUNT XV – WRONGFUL DEATH
## CAITLIN B. CONNER
## R.K. ADMINISTRATIVE SERVICES, LLC

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a Deceased minor, complaining of Defendant, R.K. ADMINISTRATIVE SERVICES, LLC (hereinafter RK) states as follows:

1.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.    On and before June 8, 2017, Defendant RK was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RK.

4.    One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.    On and before June 8, 2017, Defendant RK had provided an electronic communication device, commonly known as a cellphone, to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.    On June 8, 2017, Defendant KRUSE had his RK provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.    On June 8, 2017, another employee and/or agent of RK contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RK.

76

8.     On June 8, 2017, the incoming text message from a RK employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RK employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.    On June 8, 2017, at the aforesaid location, while using his RK provided cellphone to read an incoming text message communication sent by a RK employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front

77

of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven

by Plaintiff, DEBRA J. CONNER.

15.   On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.   On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R.

KRUSE was acting as an employee and/or agent of Defendant RK, and was acting in the course

and scope of said employment and agency for Defendant RK.

17.   On and before June 8, 2017, and at all times mentioned herein, Defendant RK,

individually and through their duly authorized employees and agents, including but not limited to

STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others, including

CAITLIN B. CONNER, a minor.

18.   On and before June 8, 2017, and at all times mentioned herein, Defendant RK,

individually and through its duly authorized agents and employees, including STEVEN R.

KRUSE, was negligent in one or more of the following respects:

> b.   Negligently operated, managed, maintained and controlled their motor
> vehicle;
>
> b.   Operated, managed, maintained, controlled and drove a motor vehicle
> into a collision with the rear end of the vehicle then and there operated by
> DEBRA J. CONNER;
>
> c.   Operated their motor vehicle without keeping a proper and sufficient lookout
> for traffic conditions on the roadway in front of them;
>
> d.   Operated their motor vehicle with a willful or wanton disregard for the
> safety of persons, in violation of Illinois Compiled Statutes, 1992,
> Chapter 625, Act 5, Section 11-503;
>
> e.   Proceeded at a speed which was greater than reasonable and proper with
> regard to traffic conditions and the use of the highway, or which endangered
> the safety of persons or property, in violation of Illinois Compiled

78

Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.  Failed to give audible warning with their horn when such warning was
reasonably necessary to ensure safety, in violation of Illinois Compiled
Statutes, Chapter 625, Act 5, Section 12-601;

g.  Failed to exercise due care to avoid colliding with Plaintiffs' vehicle
upon a roadway, and failed to give warning by sounding the horn,
in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
5, Section 11-1003.1;

h.  Failed to maintain an adequate lookout for motor vehicles traveling in
front of their vehicle;

i.  Drove their motor vehicle into the rear end of the passenger car driver
by DEBRA J. CONNER;

j.  Failed to keep a proper lookout for traffic conditions in front of them;

k.  Failed to maintain a proper distance and speed between their vehicle
and the vehicle in front of them so as to avoid a rear end collision;

l.  Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor
vehicle;

n.  Positioned his cellphone device in a location within his vehicle where he
could hear incoming text messages or calls when he knew or
should have known that doing so would cause him to divert his attention
from the roadway and vehicles in front of him;

o.  Operated a motor vehicle while using a cellphone in violation of rules and
regulations pertaining to distracted driving, including the provisions of
625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification
of an incoming text or call in violation of the provisions of 625 ILCS 5/12-
610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed
when he knew or should have known that doing so created extreme
hazards to other persons, including the occupants of the vehicle traveling
in front of Kruse;

r.  Committed aggravated use of an electronic communication device by

79

operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.     As a proximate result of one or more of the aforesaid negligent acts and/or

omissions of Defendant RK, individually and by and through its agents and employees, including

STEVEN R. KRUSE, CAITLIN B. CONNER, a minor, sustained injuries of a personal and

pecuniary nature that resulted in her death on or about June 8, 2017.

20.     Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs,

her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A.

LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal,

pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

21.     Plaintiff MATTHEW CONNER has been appointed Independent Administrator

of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth

Judicial District in Douglas County, Illinois.

80

22.     Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of

CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740

ILCS 108/1 *et seq.*

WHEREFORE, MATTHEW CONNER, Independent Administrator of the Estate of

CAITLIN B. CONNER, Deceased, demands judgment against Defendant R.K.

ADMINISTRATIVE SERVICES, LLC, in an amount in excess of the jurisdictional limits of the

Circuit Court of Champaign County, Illinois.

## COUNT XVI – SURVIVAL ACTION

## CAITLIN B. CONNER

## R.K. ADMINSTRATIVE SERVICES, LLC

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the

Estate of CAITLIN B. CONNER, a Deceased minor, complaining of Defendant, R.K.

ADMINISTRATIVE SERVICES, LLC,  (hereinafter RK) states as follows:

1.      On and before June 8, 2017, Interstate 57 generally ran in north and south

directions through Champaign County Illinois.

2.      On and before June 8, 2017, Defendant RK was a retail farm and home supply

business and regularly conducted business in and throughout Champaign County, Illinois.

3.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee

and/or agent of R.K.

4.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained

and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on

Interstate 57 at or near .52 miles north of Milepost 237.

81

5.     On and before June 8, 2017, Defendant RK had provided an electronic communication device, commonly known as a cellphone, to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.     On June 8, 2017, Defendant KRUSE had his RK provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.     On June 8, 2017, another employee and/or agent of RK contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RK.

8.     On June 8, 2017, the incoming text message from a RK employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RK employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

82

13. On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14. On June 8, 2017, at the aforesaid location, while using his RK provided cellphone to read an incoming text message communication sent by a RK employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15. On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16. On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RK, and was acting in the course and scope of said employment and agency for Defendant RK.

17. On and before June 8, 2017, and at all times mentioned herein, Defendant RK, individually and through their duly authorized employees and agents, including but not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others, including CAITLIN B. CONNER, a minor.

18. On and before June 8, 2017, and at all times mentioned herein, Defendant RK, individually and through its duly authorized agents and employees, including STEVEN R. KRUSE, was negligent in one or more of the following respects:

        b. Negligently operated, managed, maintained and controlled their motor vehicle;

        b. Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by

DEBRA J. CONNER;

c.   Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

d.   Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.   Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.   Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, Chapter 625, Act 5, Section 12-601;

g.   Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.   Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

i.   Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

j.   Failed to keep a proper lookout for traffic conditions in front of them;

k.   Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l.   Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.   Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.   Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p. Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q. Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r. Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicle;

w. Was otherwise negligent.

19.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RK, individually and by and through its agents and employees, including STEVEN R. KRUSE, CAITLIN B. CONNER, sustained injuries of a personal and pecuniary nature, including conscious pain and suffering, that resulted in her death on or about June 8, 2017.

85

20.     Had CAITLIN B. CONNER, a minor, survived, she would have been able to

bring an action for the injuries that she suffered, and this action has survived her pursuant to 735

ILCS 5/27-6, commonly referred to as the Illinois Survival Act.

21.     Plaintiff MATTHEW CONNER has been appointed Independent Administrator of

the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial

District in Douglas County, Illinois.

22.     Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of

CAITLIN B. CONNER, Deceased, brings this action pursuant to the provisions of the Survival

Act, 735 ILCS 5/27-6.

WHEREFORE, MATTHEW CONNER, Independent Administrator of the Estate of

CAITLIN B. CONNER, Deceased, demands judgment against Defendant R.K.

ADMINISTRATIVE SERVICES, LLC, in an amount in excess of the jurisdictional limits of the

Circuit Court of Champaign County, Illinois.

## COUNT XVII - NEGLIGENCE
## LILY A. LAWRENCE , a minor.
## RANTOUL RURAL KING SUPPLY COMPANY, INC.

Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a

minor, complaining of Defendant RANTOUL RURAL KING SUPPLY, INC.,  (hereinafter

RANTOUL) states as follows:

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.     On and before June 8, 2017, Defendant RANTOUL was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RANTOUL.

4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.     On and before June 8, 2017, Defendant RANTOUL had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.     On June 8, 2017, Defendant KRUSE had his RANTOUL provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.     On June 8, 2017, another employee and/or agent of RANTOUL contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RANTOUL.

8.     On June 8, 2017, the incoming text message from a RANTOUL employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

87

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RANTOUL employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RANTOUL provided cellphone to read an incoming text message communication sent by a RANTOUL employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

88

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R.

KRUSE was acting as an employee and/or agent of Defendant RANTOUL, and was acting in the

course and scope of said employment and agency for Defendant RANTOUL.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant

RANTOUL, individually and through their duly authorized employees and agents, including but

not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others,

including LILY A. LAWRENCE, a minor.

18.     On and before June 8, 2017, and at all times mentioned herein, Defendant

RANTOUL, individually and through its duly authorized agents and employees, including

STEVEN R. KRUSE, was negligent in one or more of the following respects:

    a.     Negligently operated, managed, maintained and controlled their motor vehicle;

    b.     Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

    c.     Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

    d.     Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.     Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.     Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled

Statutes, Chapter 625, Act 5, Section 12-601;

g.  Failed to exercise due care to avoid colliding with Plaintiffs' vehicle
upon a roadway, and failed to give warning by sounding the horn,
in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
5, Section 11-1003.1;

h.  Failed to maintain an adequate lookout for motor vehicles traveling in
front of their vehicle;

i.  Drove their motor vehicle into the rear end of the passenger car driver
by DEBRA CONNER;

j.  Failed to keep a proper lookout for traffic conditions in front of them;

k.  Failed to maintain a proper distance and speed between their vehicle
and the vehicle in front of them so as to avoid a rear end collision;

l.  Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor
vehicle;

n.  Positioned his cellphone device in a location within his vehicle where he
could hear incoming text messages or calls when he knew or
should have known that doing so would cause him to divert his attention
from the roadway and vehicles in front of him;

o.  Operated a motor vehicle while using a cellphone in violation of rules and
regulations pertaining to distracted driving, including the provisions of
625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification
of an incoming text or call in violation of the provisions of 625 ILCS 5/12-
610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed
when he knew or should have known that doing so created extreme
hazards to other persons, including the occupants of the vehicle traveling
in front of Kruse;

r.  Committed aggravated use of an electronic communication device by
operating a motor vehicle on a roadway while using a cellphone and
caused a motor vehicle accident that resulted in death, great bodily
harm, disfigurement and permanent disability, in violation of

625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RANTOUL, individually and by and through its agents and employees, including STEVEN R. KRUSE, LILY A. LAWRENCE, a minor, sustained injuries of a personal, pecuniary, and emotional nature.

WHEREFORE, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendant RANTOUL RURAL KING SUPPLY, INC., in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

## COUNT XVIII - NEGLIGENCE
## LILY A. LAWRENCE , a minor.
## R.K. ADMINISTRATIVE SERVICES, LLC

Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a

minor, complaining of Defendant R.K. ADMINISTRATIVE SERVICES, LLC, (hereinafter

RK) states as follows:

     1.     On and before June 8, 2017, Interstate 57 generally ran in north and south

directions through Champaign County Illinois.

     2.     On and before June 8, 2017, Defendant RK was a retail farm and home supply

business and regularly conducted business in and throughout Champaign County, Illinois.

     3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee

and/or agent of RK.

     4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained

and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on

Interstate 57 at or near .52 miles north of Milepost 237.

     5.     On and before June 8, 2017, Defendant RK had provided an electronic

communication device, commonly known as a cellphone to its employee and/or agent, Defendant

STEVEN R. KRUSE.

     6.     On June 8, 2017, Defendant KRUSE had his RK provided cellphone with him and

activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

     7.     On June 8, 2017, another employee and/or agent of RK contacted Defendant

KRUSE by sending him a cellphone text message concerning the business of RK.

     8.     On June 8, 2017, the incoming text message from a RK employee and/or agent

caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as

he obtained his cellphone to determine the identity of the sender and to read the text message.

92

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RK employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.    On June 8, 2017, at the aforesaid location, while using his RK provided cellphone to read an incoming text message communication sent by a RK employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

93

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RK, and was acting in the course and scope of said employment and agency for Defendant RK.

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant RK, individually and through their duly authorized employees and agents, including but not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others, including LILY A. LAWRENCE, a minor.

18.     On and before June 8, 2017, and at all times mentioned herein, Defendant RK, individually and through its duly authorized agents and employees, including STEVEN R. KRUSE, was negligent in one or more of the following respects:

   a.   Negligently operated, managed, maintained and controlled their motor vehicle;

   b.   Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

   c.   Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

   d.   Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

   e.   Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

   f.   Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled

94

Statutes, Chapter 625, Act 5, Section 12-601;

g.   Failed to exercise due care to avoid colliding with Plaintiffs' vehicle
     upon a roadway, and failed to give warning by sounding the horn,
     in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
     5, Section 11-1003.1;

h.   Failed to maintain an adequate lookout for motor vehicles traveling in
     front of their vehicle;

i.   Drove their motor vehicle into the rear end of the passenger car driver
     by DEBRA CONNER;

j.   Failed to keep a proper lookout for traffic conditions in front of them;

k.   Failed to maintain a proper distance and speed between their vehicle
     and the vehicle in front of them so as to avoid a rear end collision;

l.   Operated a motor vehicle while distracted by his cellphone device;

m.   Failed to disable or turn off a cellphone device while operating his motor
     vehicle;

n.   Positioned his cellphone device in a location within his vehicle where he
     could hear incoming text messages or calls when he knew or
     should have known that doing so would cause him to divert his attention
     from the roadway and vehicles in front of him;

o.   Operated a motor vehicle while using a cellphone in violation of rules and
     regulations pertaining to distracted driving, including the provisions of
     625 ILCS 5/12-610.2(b);

p.   Reached for and obtained his cellphone device in response to notification
     of an incoming text or call in violation of the provisions of 625 ILCS 5/12-
     610.2 et seq.;

q.   Used his cellphone device while operating a motor vehicle at a high speed
     when he knew or should have known that doing so created extreme
     hazards to other persons, including the occupants of the vehicle traveling
     in front of Kruse;

r.   Committed aggravated use of an electronic communication device by
     operating a motor vehicle on a roadway while using a cellphone and
     caused a motor vehicle accident that resulted in death, great bodily
     harm, disfigurement and permanent disability, in violation of

625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RK, individually and by and through its agents and employees, including STEVEN R. KRUSE, LILY A. LAWRENCE, a minor, sustained injuries of a personal, pecuniary, and emotional nature.

WHEREFORE, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendant R.K. ADMINISTRATIVE SERVICES, LLC, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

## COUNT XIX-NEGLIGENCE

### DEBRA J. CONNER

### RANTOUL RURAL KING SUPPLY, INC.

Plaintiff, DEBRA J. CONNER, complaining of Defendant RANTOUL RURAL KING

SUPPLY, INC., (hereinafter RANTOUL) states as follows:

1. On and before June 8, 2017, Interstate 57 generally ran in north and south

directions through Champaign County Illinois.

2. On and before June 8, 2017, Defendant RANTOUL was a retail farm and home

supply business and regularly conducted business in and throughout Champaign County, Illinois.

3. On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee

and/or agent of RANTOUL.

4. One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained

and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on

Interstate 57 at or near .52 miles north of Milepost 237.

5. On and before June 8, 2017, Defendant RANTOUL had provided an electronic

communication device, commonly known as a cellphone to its employee and/or agent, Defendant

STEVEN R. KRUSE.

6. On June 8, 2017, Defendant KRUSE had his RANTOUL provided cellphone with

him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost

237.

7. On June 8, 2017, another employee and/or agent of RANTOUL contacted

Defendant KRUSE by sending him a cellphone text message concerning the business of

RANTOUL.

8. On June 8, 2017, the incoming text message from a RANTOULemployee and/or

agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of

97

him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RANTOUL employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RANTOUL KING provided cellphone to read an incoming text message communication sent by a RANTOUL employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.   On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.   On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RANTOUL, and was acting in the course and scope of said employment and agency for Defendant RANTOUL

17.   On and before June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE, individually and as a duly authorized employee and agent of Defendant, RANTOUL, had a duty to exercise ordinary care for the safety of others, including DEBRA J. CONNER, a minor.

18.   On and before June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant, RANTOUL, was negligent in one or more of the following respects:

   a.   Negligently operated, managed, maintained and controlled their motor vehicle;

   b.   Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

   c.   Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

   d.   Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

   e.   Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

   f.   Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled

99

Statutes, Chapter 625, Act 5, Section 12-601;

g.  Failed to exercise due care to avoid colliding with Plaintiffs' vehicle
upon a roadway, and failed to give warning by sounding the horn,
in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
5, Section 11-1003.1;

h.  Failed to maintain an adequate lookout for motor vehicles traveling in
front of their vehicle;

i.  Drove their motor vehicle into the rear end of the passenger car driver
by DEBRA J. CONNER;

j.  Failed to keep a proper lookout for traffic conditions in front of them;

k.  Failed to maintain a proper distance and speed between their vehicle
and the vehicle in front of them so as to avoid a rear end collision;

l.  Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor
vehicle;

n.  Positioned his cellphone device in a location within his vehicle where he
could hear incoming text messages or calls when he knew or
should have known that doing so would cause him to divert his attention
from the roadway and vehicles in front of him;

o.  Operated a motor vehicle while using a cellphone in violation of rules and
regulations pertaining to distracted driving, including the provisions of
625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification
of an incoming text or call in violation of the provisions of 625 ILCS 5/12-
610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed
when he knew or should have known that doing so created extreme
hazards to other persons, including the occupants of the vehicle traveling
in front of Kruse;

r.  Committed aggravated use of an electronic communication device by
operating a motor vehicle on a roadway while using a cellphone and
caused a motor vehicle accident that resulted in death, great bodily
harm, disfigurement and permanent disability, in violation of

625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant, RANTOUL, DEBRA J. CONNER, sustained injuries of a personal, pecuniary and emotional nature on or about June 8, 2017.

WHEREFORE, DEBRA J. CONNER demands judgment against Defendant, RANTOUL RURAL KING SUPPLY, INC., in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT XX-NEGLIGENCE

### DEBRA J. CONNER

### R.K. ADMINISTRATIVE SERVICES, LLC

Plaintiff, DEBRA J. CONNER, complaining of Defendant RK ADMINISTRATIVE

SERVICES, LLC, (hereinafter RK) states as follows:

1.      On and before June 8, 2017, Interstate 57 generally ran in north and south

directions through Champaign County Illinois.

2.      On and before June 8, 2017, Defendant RK was a retail farm and home supply

business and regularly conducted business in and throughout Champaign County, Illinois.

3.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee

and/or agent of RK.

4.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained

and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on

Interstate 57 at or near .52 miles north of Milepost 237.

5.      On and before June 8, 2017, Defendant RK had provided an electronic

communication device, commonly known as a cellphone to its employee and/or agent, Defendant

STEVEN R. KRUSE.

6.      On June 8, 2017, Defendant KRUSE had his RK provided cellphone with him and

activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.      On June 8, 2017, another employee and/or agent of RK contacted Defendant

KRUSE by sending him a cellphone text message concerning the business of RK.

8.      On June 8, 2017, the incoming text message from a RK employee and/or agent

caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as

he obtained his cellphone to determine the identity of the sender and to read the text message.

9.      On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and

vehicles in front of him so as to obtain his cellphone and read the text message communication

102

from another RK employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10. On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11. On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12. On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13. On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14. On June 8, 2017, at the aforesaid location, while using his RK provided cellphone to read an incoming text message communication sent by a RK employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15. On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.    On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R.

KRUSE was acting as an employee and/or agent of Defendant RK, and was acting in the course

and scope of said employment and agency for Defendant RK.

17.    On and before June 8, 2017, and at all times mentioned herein, Defendant

STEVEN R. KRUSE, individually and as a duly authorized employee and agent of Defendant,

RK, had a duty to exercise ordinary care for the safety of others, including DEBRA J. CONNER,

a minor.

18.    On and before June 8, 2017, and at all times mentioned herein, Defendant

STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant,

RK, was negligent in one or more of the following respects:

    a.    Negligently operated, managed, maintained and controlled their motor vehicle;

    b.    Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by DEBRA J. CONNER;

    c.    Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

    d.    Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

    e.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.    Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, Chapter 625, Act 5, Section 12-601;

    g.    Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.  Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

i.  Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

j.  Failed to keep a proper lookout for traffic conditions in front of them;

k.  Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l.  Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.  Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.  Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r.  Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s.  Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

105

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant STEVEN R. KRUSE, individually and as a duly authorized agent and employee of Defendant, R.K., DEBRA J. CONNER, sustained injuries of a personal, pecuniary and emotional nature on or about June 8, 2017.

WHEREFORE, DEBRA J. CONNER demands judgment against Defendant, R.K. ADMINISTRATIVE SERVICES, LLC,  in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT XXI

## FAMILY EXPENSE ACT

## CAITLIN B. CONNER

## RANTOUL RURAL KING SUPPLY, INC.

Plaintiffs, MATTHEW CONNER and AMANDA CONNER, Individually and as parents of CAITLIN B. CONNER, Deceased, complaining of RANTOUL RURAL KING SUPPLY, INC., (hereinafter RANTOUL) states as follows:

106

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.     On and before June 8, 2017, Defendant RANTOUL was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RANTOUL.

4.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.     On and before June 8, 2017, Defendant RANTOUL had provided an electronic communication device, commonly known as a cellphone, to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.     On June 8, 2017, Defendant KRUSE had his RANTOUL provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.     On June 8, 2017, another employee and/or agent of RANTOUL contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RANTOUL.

8.     On June 8, 2017, the incoming text message from a RANTOUL employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

107

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RANTOUL employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.    On June 8, 2017, at the aforesaid location, while using his RANTOUL provided cellphone to read an incoming text message communication sent by a RANTOUL employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

108

15.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.    On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R.

KRUSE was acting as an employee and/or agent of Defendant RANTOUL, and was acting in the

course and scope of said employment and agency for Defendant RANTOUL KING.

17.    On and before June 8, 2017, and at all times mentioned herein, Defendant

RANTOUL, individually and through their duly authorized employees and agents, including but

not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others,

including CAITLIN B. CONNER, a minor.

18.    On and before June 8, 2017, and at all times mentioned herein, Defendant

RANTOUL, individually and through its duly authorized agents and employees, including

STEVEN R. KRUSE, was negligent in one or more of the following respects:

      a.   Negligently operated, managed, maintained and controlled their motor
          vehicle;

      b.   Operated, managed, maintained, controlled and drove a motor vehicle
          into a collision with the rear end of the vehicle then and there operated by
          DEBRA J. CONNER;

      c.   Operated their motor vehicle without keeping a proper and sufficient lookout
          for traffic conditions on the roadway in front of them;

      d.   Operated their motor vehicle with a willful or wanton disregard for the
          safety of persons, in violation of Illinois Compiled Statutes, 1992,
          Chapter 625, Act 5, Section 11-503;

      e.   Proceeded at a speed which was greater than reasonable and proper with
          regard to traffic conditions and the use of the highway, or which endangered
          the safety of persons or property, in violation of Illinois Compiled
          Statutes, 1992, Chapter 625, Act 5, Section 11-601;

      f.   Failed to give audible warning with their horn when such warning was
          reasonably necessary to ensure safety, in violation of Illinois Compiled

Statutes, Chapter 625, Act 5, Section 12-601;

g.  Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.  Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

i.  Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

j.  Failed to keep a proper lookout for traffic conditions in front of them;

k.  Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l.  Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.  Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.  Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r.  Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of

110

625 ILCS 5/12-610.2(b-5);

s. Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t. Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u. Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RANTOUL, individually and through their duly authorized agents and employees, including STEVE R. KRUSE, CAITLIN B. CONNER sustained injuries of a personal and pecuniary nature, including conscious pain and suffering, that resulted in her death on or about June 8, 2017.

20.     Had CAITLIN B. CONNER, a minor, survived, she would have been able to bring an action for the injuries that she suffered, and this action has survived her pursuant to 735 ILCS 5/27-6, commonly referred to as the Illinois Survival Act.

21.     As a proximate result of the injuries sustained by CAITLIN B. CONNER, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

111

WHEREFORE, MATTHEW CONNER and AMANDA CONNER, Individually and as parents of CAITLIN B. CONNER, Deceased, demand judgment against Defendant RANTOUL RURAL KING SUPPLY, INC., in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**COUNT XXII**

**FAMILY EXPENSE ACT**

**CAITLIN B. CONNER**

**R.K. ADMINISTRATIVE SERVICES, LLC**

Plaintiffs, MATTHEW CONNER and AMANDA CONNER, Individually and as parents of CAITLIN B. CONNER, Deceased, complaining of R.K. ADMINISTRATIVE SERVICES, LLC, (hereinafter RK) state as follows:

1. ' On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2. On and before June 8, 2017, Defendant RK was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3. On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RK.

4. One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.      On and before June 8, 2017, Defendant RK had provided an electronic communication device, commonly known as a cellphone, to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.      On June 8, 2017, Defendant KRUSE had his RK provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.      On June 8, 2017, another employee and/or agent of RK contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RK.

8.      On June 8, 2017, the incoming text message from a RK employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.      On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RK employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

10.      On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.      On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.      On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

113

13. On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14. On June 8, 2017, at the aforesaid location, while using his RK provided cellphone to read an incoming text message communication sent by a RK employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15. On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16. On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RK, and was acting in the course and scope of said employment and agency for Defendant RK.

17. On and before June 8, 2017, and at all times mentioned herein, Defendant RK, individually and through their duly authorized employees and agents, including but not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others, including CAITLIN B. CONNER, a minor.

18. On and before June 8, 2017, and at all times mentioned herein, Defendant RK, individually and through its duly authorized agents and employees, including STEVEN R. KRUSE, was negligent in one or more of the following respects:

    a. Negligently operated, managed, maintained and controlled their motor vehicle;

    b. Operated, managed, maintained, controlled and drove a motor vehicle into a collision with the rear end of the vehicle then and there operated by

DEBRA J. CONNER;

c.   Operated their motor vehicle without keeping a proper and sufficient lookout for traffic conditions on the roadway in front of them;

d.   Operated their motor vehicle with a willful or wanton disregard for the safety of persons, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-503;

e.   Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.   Failed to give audible warning with their horn when such warning was reasonably necessary to ensure safety, in violation of Illinois Compiled Statutes, Chapter 625, Act 5, Section 12-601;

g.   Failed to exercise due care to avoid colliding with Plaintiffs' vehicle upon a roadway, and failed to give warning by sounding the horn, in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act 5, Section 11-1003.1;

h.   Failed to maintain an adequate lookout for motor vehicles traveling in front of their vehicle;

i.   Drove their motor vehicle into the rear end of the passenger car driver by DEBRA J. CONNER;

j.   Failed to keep a proper lookout for traffic conditions in front of them;

k.   Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l.   Operated a motor vehicle while distracted by his cellphone device;

m.   Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.   Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.   Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

115

p.  Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r.  Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s.  Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t.  Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u.  Failed to prohibit its employees and agents from using a cellphone device in any manner while operating a motor vehicle;

v.  Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w.  Was otherwise negligent.

19.  As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RK, individually and through their duly authorized agents and employees, including STEVE R. KRUSE, CAITLIN B. CONNER sustained injuries of a personal and pecuniary nature, including conscious pain and suffering, that resulted in her death on or about June 8, 2017.

116

20. Had CAITLIN B. CONNER, a minor, survived, she would have been able to bring an action for the injuries that she suffered, and this action has survived her pursuant to 735 ILCS 5/27-6, commonly referred to as the Illinois Survival Act.

21. As a proximate result of the injuries sustained by CAITLIN B. CONNER, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

WHEREFORE, MATTHEW CONNER and AMANDA CONNER, Individually and as parents of CAITLIN B. CONNER, Deceased, demand judgment against Defendant R.K. ADMINISTRATIVE SERVICES, LLC, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

<h3 style="text-align:center">COUNT XXIII</h3>

<h3 style="text-align:center">FAMILY EXPENSE ACT</h3>

<h3 style="text-align:center">LILY A. LAWRENCE</h3>

<h3 style="text-align:center">RANTOUL RURAL KING SUPPLY, INC.</h3>

Plaintiff, AMANDA CONNER, Individually and as mother and next friend of LILY A. LAWRENCE, a minor, complaining of Defendant RANTOUL RURAL KING SUPPLY, INC., (hereinafter RANTOUL) state as follows:

1. On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2. On and before June 8, 2017, Defendant RANTOUL was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

117

3.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RANTOUL.

4.    One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.    On and before June 8, 2017, Defendant RANTOUL had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.    On June 8, 2017, Defendant KRUSE had his RANTOUL provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.    On June 8, 2017, another employee and/or agent of RANTOUL contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RANTOUL.

8.    On June 8, 2017, the incoming text message from a RANTOUL employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RANTOUL employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

118

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RANTOUL provided cellphone to read an incoming text message communication sent by a RANTOUL employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RANTOUL, and was acting in the course and scope of said employment and agency for Defendant RANTOUL.

119

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant

RANTOUL, individually and through their duly authorized employees and agents, including but

not limited to STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others,

including LILY A. LAWRENCE, a minor.

18.     On and before June 8, 2017, and at all times mentioned herein, Defendant

RANTOUL, individually and through its duly authorized agents and employees, including

STEVEN R. KRUSE, was negligent in one or more of the following respects:

    a.     Negligently operated, managed, maintained and controlled their motor
vehicle;

    b.     Operated, managed, maintained, controlled and drove a motor vehicle
into a collision with the rear end of the vehicle then and there operated by
DEBRA J. CONNER;

    c.     Operated their motor vehicle without keeping a proper and sufficient lookout
for traffic conditions on the roadway in front of them;

    d.     Operated their motor vehicle with a willful or wanton disregard for the
safety of persons, in violation of Illinois Compiled Statutes, 1992,
Chapter 625, Act 5, Section 11-503;

    e.     Proceeded at a speed which was greater than reasonable and proper with
regard to traffic conditions and the use of the highway, or which endangered
the safety of persons or property, in violation of Illinois Compiled
Statutes, 1992, Chapter 625, Act 5, Section 11-601;

    f.     Failed to give audible warning with their horn when such warning was
reasonably necessary to ensure safety, in violation of Illinois Compiled
Statutes, Chapter 625, Act 5, Section 12-601;

    g.     Failed to exercise due care to avoid colliding with Plaintiffs' vehicle
upon a roadway, and failed to give warning by sounding the horn,
in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
5, Section 11-1003.1;

    h.     Failed to maintain an adequate lookout for motor vehicles traveling in
front of their vehicle;

    i.     Drove their motor vehicle into the rear end of the passenger car driver
by DEBRA J. CONNER;

j.  Failed to keep a proper lookout for traffic conditions in front of them;

k.  Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l.  Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.  Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.  Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r.  Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s.  Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t.  Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u.  Failed to prohibit its employees and agents from using a cellphone

121

device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RANTOUL, individually and by and through its agents and employees, including STEVEN R. KRUSE, LILY A. LAWRENCE, a minor, sustained injuries of a personal, pecuniary, and emotional nature.

20.     As a proximate result of the injuries sustained by LILY A. LAWRENCE, her parents MATTHEW CONNER and AMANDA CONNER because obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

WHEREFORE, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendant RANTOUL RURAL KING SUPPLY, INC., in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT XXIV

### FAMILY EXPENSE ACT

### LILY A. LAWRENCE

### R.K. ADMINISTRATIVE SERVICES, LLC

Plaintiff, AMANDA CONNER, Individually and as mother and next friend of LILY A. LAWRENCE, a minor, complaining of Defendant R.K. ADMINISTRATIVE SERVICES, LLC, (hereinafter RK) state as follows:

1.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

2.     On and before June 8, 2017, Defendant RK was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

3.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RK .

4.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

5.     On and before June 8, 2017, Defendant RK  had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

6.     On June 8, 2017, Defendant KRUSE had his RK provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

7.     On June 8, 2017, another employee and/or agent of RK contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RK.

8.     On June 8, 2017, the incoming text message from a RK employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

9.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RK employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

123

10.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

12.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

13.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA J. CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, at the aforesaid location, while using his RK provided cellphone to read an incoming text message communication sent by a RK employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

15.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

16.     On June 8, 2017, and at all times mentioned herein, Defendant STEVEN R. KRUSE was acting as an employee and/or agent of Defendant RK, and was acting in the course and scope of said employment and agency for Defendant RK.

124

17.     On and before June 8, 2017, and at all times mentioned herein, Defendant RK,

individually and through their duly authorized employees and agents, including but not limited to

STEVEN R. KRUSE, had a duty to exercise ordinary care for the safety of others, including

LILY A. LAWRENCE, a minor.

18.     On and before June 8, 2017, and at all times mentioned herein, Defendant RK,

individually and through its duly authorized agents and employees, including STEVEN R.

KRUSE, was negligent in one or more of the following respects:

a.      Negligently operated, managed, maintained and controlled their motor
        vehicle;

b.      Operated, managed, maintained, controlled and drove a motor vehicle
        into a collision with the rear end of the vehicle then and there operated by
        DEBRA J. CONNER;

c.      Operated their motor vehicle without keeping a proper and sufficient lookout
        for traffic conditions on the roadway in front of them;

d.      Operated their motor vehicle with a willful or wanton disregard for the
        safety of persons, in violation of Illinois Compiled Statutes, 1992,
        Chapter 625, Act 5, Section 11-503;

e.      Proceeded at a speed which was greater than reasonable and proper with
        regard to traffic conditions and the use of the highway, or which endangered
        the safety of persons or property, in violation of Illinois Compiled
        Statutes, 1992, Chapter 625, Act 5, Section 11-601;

f.      Failed to give audible warning with their horn when such warning was
        reasonably necessary to ensure safety, in violation of Illinois Compiled
        Statutes, Chapter 625, Act 5, Section 12-601;

g.      Failed to exercise due care to avoid colliding with Plaintiffs' vehicle
        upon a roadway, and failed to give warning by sounding the horn,
        in violation of Illinois Compiled Statutes, 1992, Chapter 625, Act
        5, Section 11-1003.1;

h.      Failed to maintain an adequate lookout for motor vehicles traveling in
        front of their vehicle;

i.      Drove their motor vehicle into the rear end of the passenger car driver
        by DEBRA J. CONNER;

125

j.  Failed to keep a proper lookout for traffic conditions in front of them;

k.  Failed to maintain a proper distance and speed between their vehicle and the vehicle in front of them so as to avoid a rear end collision;

l.  Operated a motor vehicle while distracted by his cellphone device;

m.  Failed to disable or turn off a cellphone device while operating his motor vehicle;

n.  Positioned his cellphone device in a location within his vehicle where he could hear incoming text messages or calls when he knew or should have known that doing so would cause him to divert his attention from the roadway and vehicles in front of him;

o.  Operated a motor vehicle while using a cellphone in violation of rules and regulations pertaining to distracted driving, including the provisions of 625 ILCS 5/12-610.2(b);

p.  Reached for and obtained his cellphone device in response to notification of an incoming text or call in violation of the provisions of 625 ILCS 5/12-610.2 et seq.;

q.  Used his cellphone device while operating a motor vehicle at a high speed when he knew or should have known that doing so created extreme hazards to other persons, including the occupants of the vehicle traveling in front of Kruse;

r.  Committed aggravated use of an electronic communication device by operating a motor vehicle on a roadway while using a cellphone and caused a motor vehicle accident that resulted in death, great bodily harm, disfigurement and permanent disability, in violation of 625 ILCS 5/12-610.2(b-5);

s.  Provided cellphones to its employees without giving them rules, regulations and procedures to prevent the use of such devices while operating a motor vehicle;

t.  Failed to provide proper training and instruction concerning the hazards of using cellphones while operating a motor vehicle, including the provisions of 625 ILCS 5/12-610.2 et seq.;

u.  Failed to prohibit its employees and agents from using a cellphone

126

device in any manner while operating a motor vehicle;

v. Failed to require its employees or agents to turn off, disable and/or store their cellphones in an unreachable location while operating motor vehicles;

w. Was otherwise negligent.

19.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant RK, individually and by and through its agents and employees, including STEVEN R. KRUSE, LILY A. LAWRENCE, a minor, sustained injuries of a personal, pecuniary, and emotional nature.

20.     As a proximate result of the injuries sustained by LILY A. LAWRENCE, her parents MATTHEW CONNER and AMANDA CONNER because obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

WHEREFORE, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendant R.K. ADMINISTRATIVE SERVICES, LLC, in an amount in excess of the jurisdictional limits- of the Circuit Court of Champaign County, Illinois.

Attorney for Plaintiff

RICHARD F. BURKE, JR.
KRISTOFER S. RIDDLE
120 North LaSalle Street
Suite 3100
Chicago, Illinois  60602
(312) 899-9090
rfb@cliffordlaw.com
ARDC No. 3121588