# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY<br>　　　　　Plaintiff,<br><br>v.<br><br>RURAL KING SUPPLY, INC., RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC.; RK HOLDINGS, LLP, RURAL KING RANTOUL, RANTOUL RURAL KING SUPPLY, INC., R.K. ADMINISTRATIVE SERVICES, LLC, STEVEN R. KRUSE, MATTHEW CONNER, Individually and as Independent Administrator of the ESTATE OF CAITLIN B. CONNER, AMANDA CONNER, Individually and as Mother and Next Friend of LILY A. LAWRENCE, and DEBRA CONNER,<br>　　　　　Defendants. | Case Number: 3:19-cv-3154 |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

MAY IT PLEASE THE COURT:

　　　The record before the Court reveals that the Plaintiff, Navigators Specialty Insurance Company initially filed a Complaint of Declaratory Judgment on June 13, 2019. The Plaintiff has since struggled to effect service of summons upon all the Defendants it named. The First Amended Complaint requests the Court make certain findings and declarations arising out of a civil action pending in Champaign County Circuit Court in 2018L183. The complaint pending in Champaign County circuit court is attached as Exhibit B to the Plaintiff's First Amended Complaint. The docket entry in the state court action reflects that discovery was commenced and the case remains pending. The Defendants ask this Court to dismiss the Complaint for declaratory relief in exercise of its discretion to do so under 28 U.S.C. §2201(a), as well as F.R.C.P. 12(b)(1). The recent decision of the court in *Amling v. Harrow Industries*, 943 F.3d 373 2019 (7th Cir. 2019), has a good discussion of the court's discretionary authority to dismiss under the Wilton-Brillhart

1

Doctrine, see *Wilton v. Seven Falls Co.*, 515 U.S. 277; *Brillhart v. Excess Insurance Co.*, 316 U.S. 491(1942).  The *Amling* case noted that decisions concerning indemnity, in a declaratory proceeding, should be postponed until the underlying liability has been established citing *Lear Corp. v. Johnson Elec. Holdings, Ltd.*, 353 F.3d 580(7th Cir. 2003).  The *Amling* court stressed that: "The declaratory judgment act says only that the court may declare the rights and other legal relations of an interested party, not that it must do so." quoting *Haze v. Kubrick*, 880 F.3d 946, 951.  Also instructive on the issue is a recent decision from the United States District Court for the Western District of Wisconsin.  In *Navigators Specialty Insurance Company v. SVA Healthcare Service, LLC.*, 2020 U.S. Dist. LEXIS 43711; 2020 W.L. 1234428(W.D. Wis. Mar.13, 2020), the Plaintiff filed a federal declaratory action contending its policy of insurance did not cover losses alleged in a pending class-action matter in state court.  The court in *Navigators, supra* stated that: "Although this case and the state court case aren't raising identical issues, they are closely related, so much so that Navigators sees the class representatives as necessary party to this case."[1]  In dismissing the case, the court stated:

> "The bottom line is that Navigators hasn't identified any reason why it didn't move to intervene in the state court action rather than litigate separately in federal court. So the court will exercise its discretion and decline to entertain Navigators' request for a declaratory judgment."  See *Navigators Specialty Insurance Company v. SVA Healthcare Service, LLC.*, 2020 U.S. Dist. LEXIS 43711; 2020 W.L. 1234428.

The Wisconsin court, in exercising its discretion to dismiss under 28 U.S.C. 2201, further noted that it made sense to allow the state court to make determinations concerning coverage because the state court in the underlying litigation would ". . . already be familiar with the plaintiffs' claims, which is a key issue for coverage."  The reasons the district court in *Navigators, supra* exercised

---

[1] In the case now before this Court, the Plaintiff joined all the named parties in the state case pending in Champaign County.

its discretion to dismiss the case apply with equal force in the litigation now pending before this Court in the Central District of Illinois. While the litigation remains pending in the Central District of Illinois, it is entirely conceivable additional facts could be developed which would cause additional amended pleadings to be filed. Newly filed pleadings could very well trigger coverage under the Navigators's policy. It is simply premature for Navigators to ask this Court to render binding determinations regarding coverage based upon facts which have yet to be fully developed. Judicial efficiency and the avoidance of conflicting rulings between a state and federal court should be avoided at all cost.

Apart from exercising its discretionary authority under 28 U.S.C. §2201, this Court should dismiss the case without prejudice based on a lack of jurisdiction. Dismissal is warranted under F.R.C.P. 12(b)(1) because the case is not ripe for adjudication.[2] A good discussion of a dismissal of a declaratory judgment action in the context of a companion civil case pending in state court is found in *Sentinel Ins. Co., Ltd. v. Yorktown Indus.*, 2015 U.S. Dist. LEXIS 81419; 2015 W.L. 3896910(N.D. Ill. 2015). In *Sentinel Ins. Co.*, the plaintiff filed a diversity action in the Northern District of Illinois seeking a declaration of its obligation to defend and indemnify defendant Yorktown Industries in a lawsuit that was pending in California. The defendant in the federal action filed a counterclaim. The court in dismissing the case discussed the interrelationship between a dismissal under F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6), as well as the ripeness doctrine as it relates to the issue of a court's jurisdiction under Article III. In relevant part, the court held:

> "Ripeness is a justiciability doctrine "drawn both from Article III limitations on judicial power and from prudential reasons for

---

[2] "The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form." *Miller v. Brown*, 462 F.3d 312, 318-19 (4th Cir. 2006) (quoting *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 584(1947)). "It is settled that a case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." Lansdowne on the *Potomac Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 198 (4th Cir. 2013).

refusing to exercise jurisdiction." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08, 123 S.Ct. 2026, 155 L.Ed. 2d 1017(2003).

The *Sentinel Ins.* court went on to hold that a motion under 12(b)(1) was the proper vehicle to raise an issue of the court's jurisdiction under the Ripeness Doctrine. The court stated:

> "Although Plaintiff has brought its motion under Federal Rule of Civil Procedure 12(b)(6), it is better considered under Rule 12(b)(1)—which allows for dismissal when a court lacks subject matter jurisdiction—as Plaintiff's motion essentially is premised on whether there is an actual controversy before the Court, given that Defendant's liability in the California Action has not yet been established. See *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 544 (7th Cir. 2008)."

The court went on to state that: "However, "a dispute about an insurer's duty to indemnify generally is not ripe for decision until the insured has been called on to pay—for until then the precise ground of liability, and thus the relation of the insured's liability to the policy's coverage and exclusions, is uncertain." *Meridian Sec. Ins. Co.*, 441 F.3d at 538."

## CONCLUSION

The Defendants request the Court dismiss the Plaintiff's case under its discretionary authority pursuant to 28 U.S.C. §2201(a), as well as under F.R.C.P. 12(b)(1) on the ground the Court lacks subject matter jurisdiction under the Ripeness Doctrine.

                      RK HOLDING, LLP, AND
                      R.K. ADMINISTRATIVE SERVCIES,
                      LLC, Defendants.

                      By: /s/ Fred Johnson
                      Fred Johnson (6180533IL)
                      Heller, Holmes & Associates, P.C.
                      1101 Broadway Avenue
                      PO Box 889
                      Mattoon, Illinois 61938
                      (217) 235-2700/F: (217) 235-0743
                      fred@hhlawoff.com

**CERTIFICATE OF SERVICE**

I certify that on July 20, 2020, I electronically filed the foregoing with the Clerk of the Court of the Central District of Illinois, using the CMECF system which will send notification of such filing to the following:

| | |
|---|---|
| John D. Hackett<br>William H. Schramm, III<br>Cassiday Schade, LLP<br>222 W. Adams St., Ste. 2900<br>Chicago, IL 60606<br>jhackett@cassiday.com<br>wschramm@cassiday.com | Richard F. Burke, Jr.<br>Clifford Law Offices, PC<br>Suite 3100<br>120 N. LaSalle St.<br>Chicago, IL 60602<br>rfb.@cliffordlaw.com |

By: /s/ Fred Johnson
Fred Johnson (6180533IL)
Heller, Holmes & Associates, P.C.
1101 Broadway Avenue
PO Box 889
Mattoon, Illinois 61938
(217) 235-2700/F: (217) 235-0743
fred@hhlawoff.com

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

I, Fred Johnson, attorney for RK Holdings, LLP and R.K. Administrative Services, LLC, certify pursuant to Rule 7.1(B)(4)(c) that the memorandum complies with the type-volume limitation. In reliance on the word or character count of the word processing system in our office, I further certify that the number of words, characters or lines in the memorandum is 1,376 words.

By: /s/ Fred Johnson
Fred Johnson (6180533IL)
Heller, Holmes & Associates, P.C.
1101 Broadway Avenue
PO Box 889
Mattoon, Illinois 61938
(217) 235-2700/F: (217) 235-0743
fred@hhlawoff.com