# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 19-cv-3154 ) |
| RURAL KING SUPPLY, INC., RURAL KING HOLDING COMPANY, RKDS, LLC, RURAL KING DISTRIBUTION & MANAGEMENT, INC., RK HOLDINGS, LLP, RURAL KING RANTOUL, RANTOUL RURAL KING SUPPLY, INC., R.K. ADMINISTRATIVE SERVICES, LLC, STEVEN R. KRUSE, MATTHEW CONNER, Individually and as Independent Administrator of the ESTATE OF CAITLIN B. CONNER, AMANDA CONNER, Individually and as Mother and Next Friend of LILY A. LAWRENCE, and DEBRA CONNER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause comes before the Court on the Motion to Dismiss
(d/e 71) filed by Defendants RK Holdings, LLP and R.K.
Administrative Services, LLC.  For the reasons stated below, the
Motion to Dismiss (d/e 71) is DENIED.

## I.    BACKGROUND

In 2017, Navigators Specialty Insurance Company ("Plaintiff"

or "Navigators") issued a commercial general liability policy

("Insurance Policy") to RK Holdings, LLP ("RK Holdings").  The

Insurance Policy provided coverage to RK Holdings and certain

related corporate entities and employees between March 31, 2017

and March 31, 2018.  On June 13, 2019, Plaintiff filed in this Court

a Complaint for Declaratory Judgment (d/e 1) against twelve

Defendants, including RK Holdings.  On July 8, 2019, Plaintiff filed

a First Amended Complaint (d/e 4) against the same twelve

Defendants.  Plaintiff's Amended Complaint requests a

determination that Plaintiff owes no duty to defend or indemnify

nine Defendants—RK Holdings, Rural King Supply, Inc., Rural King

Holding Company, RKDS, LLC, Rural King Distribution and

Management, Inc., Rural King Rantoul, Rantoul Rural King Supply,

Inc., R.K. Administrative Services ("R.K. Administrative"), and

Steven R. Kruse (collectively, the "Rural King Defendants")—under

the Insurance Policy in connection with a lawsuit filed against the

Rural King Defendants in Illinois state court by the other three

Defendants in this matter: Matthew Conner, individually and as

Independent Administrator of the Estate of Caitlin Conner, Amanda

Conner, individually and as mother and next friend of Lily A.

Lawrence, and Debra Conner (collectively, the "Conner

Defendants").

The underlying lawsuit, <u>Matthew Conner, et al. v. Rural King</u>

<u>Supply, et al.</u>, (the "Conner lawsuit") was filed on October 26, 2018

in the Circuit Court of the Sixth Judicial Circuit, Champaign

County, Illinois.  The plaintiffs in the Conner lawsuit allege a

number of tort claims against the Rural King Defendants, all of

which arise out of a collision that occurred on June 8, 2017

between a motor vehicle driven by Steven R. Kruse and a motor

vehicle driven by Debra Conner.

Of the Rural King Defendants, only R.K. Administrative and

RK Holdings (together, the "RKAH Defendants") have filed

appearances in the instant declaratory judgment action.  The RKAH

Defendants filed the pending Motion to Dismiss (d/e 71) on July 20,

2020.  The Motion to Dismiss states that Plaintiff's Amended

Complaint should be dismissed for lack of subject matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff's

claims are not ripe for adjudication.  In the alternative, the Motion

requests that the Amended Complaint be dismissed pursuant to the Court's discretion under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

## II.   LEGAL STANDARD

Article III of the United States Constitution "confines the federal courts to adjudicating actual 'cases' and 'controversies.'" Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005) (quoting Allen v. Wright, 504 U.S. 555, 560 (1984).  Ripeness is a justiciability requirement that prevents courts from exercising jurisdiction over actions where the injury asserted "depend[s] on so many future events that a judicial opinion would be advice about remote contingencies" and would therefore address an abstract question of law rather than an actual controversy. Rock Energy Co-op. v. Vill. of Rockton, 614 F.3d 745, 748 (7th Cir. 2010) (quoting Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 538 (7th Cir.2006)).  The "appropriate vehicle" for challenging ripeness is a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  C & K NuCo, LLC v. Expedited Freightways, LLC, No. 13 C 4006, 2014 WL 4913446, at *6 (N.D. Ill. Sept. 30, 2014) (citing Flying J Inc. v. City of New Haven, 549 F.3d 538, 544

(7th Cir.2008)).

When considering a dismissal for lack of subject matter jurisdiction, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff.  Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003).  However, the plaintiff bears the burden of proving the jurisdictional requirements have been met.  Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th Cir. 2014).  "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  Alicea-Hernandez, 320 F.3d at 701.

### III.   ANALYSIS

### A. Plaintiff's Duty to Defend and Duty to Indemnify Claims Are Ripe for Adjudication.

The RKAH Defendants, citing Sentinel Insurance Company, Ltd. v. Yorktown Industries, Inc., No. 14 CV 4212, 2015 WL 3896910, at *1 (N.D. Ill. June 23, 2015), argue that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because "a dispute about an insurer's

duty to indemnity generally is not ripe for decision until the insured has been called on to pay." Id. at *1; see d/e 4, p. 4. As no determination of liability has been made in the Conner lawsuit, the RKAH Defendants argue that Plaintiff's Complaint is premature.

As an initial matter, the Court notes that Plaintiff's Amended Complaint seeks declaratory judgment on two distinct issues: Plaintiff's duty to defend the Rural King Defendants and Plaintiff's duty to indemnify the Rural King Defendants. See Sentinel, 2015 WL 3896910, at *1 ("When evaluating ripeness in the context of an insurance coverage dispute, it is important to distinguish between an alleged duty to defend and an alleged duty to indemnify the insured."). Ordinarily, requests for declaratory judgment regarding an insurer's duty to defend an insured are ripe for adjudication during the pendency of the underlying case. See id.; Sears, Roebuck & Co. v. Zurich Ins. Co., 422 F.2d 587, 589 (7th Cir. 1970); Cincinnati Ins. Co. v. McLean Cty. Unit Dist. #5 Bd. of Directors, No. 08-CV-2205, 2009 WL 722480, at *3 (C.D. Ill. Mar. 18, 2009) ("In general, a request for a declaratory judgment regarding an insurer's duty to defend the insured is considered to be ripe for adjudication during the pendency of a lawsuit

implicating that duty.").  The RKAH Defendants have not proposed

any reason for departure from the general rule in this case, and the

issue of whether Navigators currently owes a duty to defend the

Rural King Defendants in the Conner lawsuit is both immediate and

concrete.  Plaintiff's duty to defend claims are therefore ripe for

adjudication.

   With respect to Plaintiff's duty to indemnify claims, the general

rule cited by the RKAH Defendants—that claims for a declaratory

judgment regarding an insurer's duty to indemnify do not ripen

until liability has been established in the underlying case—does not

apply where an insurer seeks a declaration that it has no duty to

defend or indemnify.  In <u>Sentinel</u>, the case the RKAH Defendants

rely upon, a policyholder sued an insurer for a declaratory

judgment that the insurer <u>did</u> have a duty to defend and indemnify

the policyholder in the underlying litigation.  2015 WL 3896910, at

*2.  The declaratory judgment sought by the plaintiff in <u>Sentinel</u>

would have been a declaration that, contingent on the future

occurrence of a finding of liability in the underlying litigation, the

insurer had a duty to indemnify the insured.  This is the kind of

abstract question of law that the ripeness doctrine prevents federal

courts from addressing.  Accordingly, the Seventh Circuit has held

that since  "[a] declaration that A must indemnify B if X comes to

pass has an advisory quality" and may "consume judicial time in

order to produce a decision that may turn out to be irrelevant," duty

to indemnify claims are generally, but not always, unripe before the

insured is held liable in the underlying suit.  Lear Corp. v. Johnson

Elec. Holdings Ltd., 353 F.3d 580, 583 (7th Cir. 2003) (noting that

despite the general rule a court "may find it prudent to specify the

scope of an indemnity duty at the same time" as a duty to defend "if

that subject also is in debate.").

Here, Plaintiff is an insurer requesting a determination that it

does not have a duty either to defend or indemnify the Rural King

Defendants.  Additionally, the parties agree that the issue of

whether a duty to defend or indemnify under the Insurance Policy

exists is governed by Illinois law, and under Illinois law an insurer's

duty to defend is almost always broader than its duty to indemnify.

United Nat. Ins. Co. v. Dunbar & Sullivan Dredging Co., 953 F.2d

334, 338 (7th Cir. 1992) ("[W]here there is no duty to defend there

cannot arise a duty to indemnify."); see Crum & Forster v.

Resolution Trust Corp., 156 Ill.2d 384 (1993).  Consequently, if the

Court finds that Navigators has no duty to defend the Rural King

Defendants, the Court can also immediately find that Navigators

has no duty to indemnify the Rural King Defendants.  See Meridian,

441 F.3d at 539 ("[A] declaratory judgment that the insurer need

not defend means that it need not indemnify either."); Health Care

Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.,

566 F.3d 689, 693 (7th Cir. 2009).  Because the issues presented

by duty to defend and duty to indemnify claims overlap in this

manner, district courts in the Seventh Circuit have found that

"where an insurer seeks a declaration that it has no duty to defend

and no duty to indemnify, the claim regarding its duty to indemnify

is not premature."  The Cincinnati Ins. Co. v. Berkshire Refrigerated

Warehousing, LLC, 149 F. Supp. 3d 867, 873 (N.D. Ill. 2015); see

Atl. Cas. Ins. Co. v. Sealtite Roofing & Constr. Co., 73 F. Supp. 3d

953, 961 (N.D. Ill. 2014).

As the RKAH Defendants note, the issue of the existence of a

duty to indemnify might become somewhat abstract and contingent

in the future if the Court decides that a duty to defend does exist.

See d/e 83, pp. 3–4.  Nevertheless, there is sufficient overlap

between the issues involved in Plaintiff's claims that Plaintiff's duty

to indemnify claims are not premature at this time.  See Cincinnati

Ins. Co., 149 F. Supp. 3d at 873; Atl. Cas. Ins. Co., 73 F. Supp. 3d

at 961.  Accordingly, Plaintiff's duty to indemnify claims are ripe for

adjudication.

**B.   The Court Will Not Dismiss Plaintiff's Duty to Defend and Duty to Indemnify Claims Pursuant to the Wilton-Brillhart Doctrine.**

Federal district courts exercise "unique and substantial

discretion" when deciding whether to dismiss a declaratory

judgment action in favor of parallel state-court litigation. Amling,

943 F.3d at 379 (quoting Haze v. Kubicek, 880 F.3d 946, 951 (7th

Cir. 2018)).  This discretion is guided by the Wilton-Brillhart

doctrine.  Id.; see Wilton v. Seven Falls Co., 515 U.S. 277 (1995);

Brillhart v. Excess Insurance Co., 316 U.S. 491 (1942).  The core

example of an instance in which a stay or dismissal is always

appropriate is when "an action pending in state court between the

same parties will answer 'the same precise legal question'" as the

federal declaratory judgment action.  Amling, 943 F.3d at 380

(quoting Envision Healthcare, Inc. v. PreferredOne Ins. Co., 604

F.3d 983, 986–87 (7th Cir. 2010)).

The instant action differs from that core example in that

Plaintiff is not a party to the state-court action.  Consequently, the

"precise legal question" at issue here—whether Plaintiff has a duty

to defend or indemnify any of the Rural King Defendants—is not

before the state court in the underlying litigation.  The Seventh

Circuit addressed a similar situation in Nationwide Insurance v.

Zavalis, 52 F.3d 689 (7th Cir. 1995).  In Zavalis, three students set

fire to the University of Illinois Urbana-Champaign's football field

and were subsequently sued by the University in Illinois state court.

52 F.3d at 690.  One of the students was covered by the public

liability provisions of his parents' homeowner's insurance policy.

Id. at 691.  Nationwide Insurance, the student's insurer, sued the

student, one other defendant from the underlying lawsuit, and the

University in the Central District of Illinois for a determination that

Nationwide had no duty to defend or indemnify the student.  Id.

The district court dismissed Nationwide's suit without

prejudice pursuant to its discretionary authority under the

Declaratory Judgment Act.  Id.  The Seventh Circuit reversed the

district court's dismissal of the duty to defend claim, observing that

Nationwide's declaratory action presented "a dispute that is

fundamentally distinct from the matters before the state court"

because Nationwide was not a party to the underlying litigation and

the issue of Nationwide's duty to defend the student was not before

the state court.  The Seventh Circuit held that when the existence

or nonexistence of an insurer's duty to defend can be "ascertained

without the need to resolve facts that are at issue in the underlying

tort suit," in a case where the insurer is not party to the underlying

tort suit and the existence of a duty to defend is not before the state

court, a district court with jurisdiction should decide the issue.  Id.

at 697.

    In Medical Assurance Co. v. Hellman, 610 F.3d 371 (7th Cir.

2010), the Seventh Circuit held that the "proper inquiry" for district

courts to make when analyzing declaratory judgment duty to defend

claims by insurers in cases with underlying state court actions is

into the likelihood that the claim will "present factual questions that

the state court has also been asked to decide." Id. at 379.  Factors

that a district court should consider in the course of this inquiry

include whether the duty to defend claim presents questions

distinct from those presented in the state court action, whether the

parties in the two actions are identical, whether the federal action

can serve a useful purpose in clarifying the parties' legal

relationships rather than amounting to duplicative and piecemeal

litigation, and whether the plaintiff seeking the federal declaratory

judgment can obtain comparable relief in another forum.  Id.

(quoting Zavalis, 52 F.3d at 692).

Here, as in Zavalis, Plaintiff's request for a determination

respecting its duty to defend under the Insurance Policy presents

issues not before the state court.  As in Zavalis, allowing the duty to

defend claim to proceed here will clarify the legal obligations

between the parties by producing a determination as to whether

Plaintiff owes any of the Defendants a defense and indemnification

for the claims asserted in the underlying lawsuit.  See Artisan &

Truckers Cas. Co. v. Neron Logistics LLC, No. 18-CV-2220-SMY,

2020 WL 1938892, at *2 (S.D. Ill. Apr. 22, 2020) (discussing value

of such a determination to underlying state court action).  To the

extent that the RKAH Defendants argue that the Conner lawsuit

involves "substantially" the same parties as this action, see d/e 83,

p. 2, the Court disagrees.  While Plaintiff has named all parties to

the Conner litigation as Defendants, Plaintiff itself is not a party to

the Conner litigation.  See d/e 4–2.  While the parties need not be

precisely identical to be "substantially the same," see Envision, 604

F.3d at 986, the parties are not "substantially the same" where the sole Plaintiff in one action is absent from the other action.  See Zavalis, 52 F.3d at 692 (holding parties not identical where Plaintiff was not represented in state court action and three state court defendants were not named in federal declaratory judgment action); Secura Ins. Co. v. Plumb, No. 413CV04054SLDJAG, 2014 WL 1245441, at *2 (C.D. Ill. Mar. 26, 2014) (holding parties not substantially the same where insurer plaintiff in federal declaratory action was not party to state court action).

With respect to the availability of comparable relief in another forum, the RKAH Defendants argue that this Court should follow the example of the Western District of Wisconsin in Navigators Specialty Ins. Co. v. SVA Healthcare Servs., LLC, No. 18-CV-1062-JDP, 2020 WL 1234428 (W.D. Wis. Mar. 13, 2020).  There, the court dismissed Navigators' federal declaratory action because the coverage questions raised by Navigators could be resolved more efficiently if Navigators intervened in the underlying Wisconsin state court litigation.  See id. at *2–*3.  Under Wisconsin law, however, the "preferred procedure" for the resolution of duty to defend disputes in cases where the insurer is not named as a party is for

the insurer to intervene and request a bifurcated trial so that the

issue of coverage can be resolved before the issue of liability.  Fire

Ins. Exch. v. Basten, 549 N.W.2d 690, 696 (1996); see SVA

Healthcare, 2020 WL 1234428, at *2.  This procedure is not

available in Illinois. See Emps. Ins. of Wausau v. Ehlco Liquidating

Tr., 708 N.E.2d 1122, 1135 (1999) (stating that the two options

available to an insurer seeking determination of a duty to defend or

indemnify in Illinois are to file a separate declaratory action or

defend under a reservation of rights).  Therefore, the efficiency

rationale relied on by the court in SVA Healthcare does not apply

here.  The RKAH Defendants suggest that Plaintiff could have

provided a defense in the underlying litigation under a reservation

of rights or brought a separate declaratory action in Illinois state

court.  See d/e 83, p. 3.  However, the RKAH Defendants do not

suggest, and the Court sees no reason to assume, that dismissing

Plaintiff's federal declaratory judgment action in favor of the

available state court alternatives would be more efficient than

allowing Plaintiff's claims to proceed.  After considering Plaintiff's

Amended Complaint, the Insurance Policy, and the factors set forth

in Zavalis and Medical Assurance, the Court finds that resolving

Plaintiff's duty to defend claim will not require the Court to resolve factual questions that the state court overseeing the Conner lawsuit has also been asked to decide.

In both Zavalis and Medical Assurance, the Seventh Circuit held that the district courts should have dismissed the insurer's duty to indemnify claim as unripe. However, the issue of coverage was governed by Pennsylvania law in Zavalis and by Indiana law in Medical Assurance. See Zavalis, 52 F.3d at 693 ("It is thus settled in Pennsylvania that the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit."); Medical Assurance, 610 F.3d at 380. As discussed above, in actions involving insurance contracts governed by Illinois law the Seventh Circuit has held that a duty to indemnify claim can be ripe for adjudication when brought alongside a duty to defend claim in a declaratory action by an insurer. Meridian, 441 F.3d at 538–39; see Cincinnati Ins. Co., 149 F. Supp. 3d at 873; Atl. Cas. Ins. Co., 73 F. Supp. 3d at 961.

The same factors that militate against dismissing Plaintiff's duty to indemnify claim as unripe militate against dismissing it pursuant to the Wilton-Brillhart doctrine. The purpose of the

Declaratory Judgment Act is to allow federal courts to efficiently resolve disputes by "an early adjudication of the rights of the parties." Medical Assurance, 610 F.3d at 377.  Plaintiff will be entitled to an immediate determination of no duty to indemnify if the Court finds that Plaintiff has no duty to defend.  See Momence Meadows Nursing, 566 F.3d at 693.  This determination would not require the Court to resolve any factual questions also before the state court in the Conner lawsuit.  Therefore, it would be an inefficient use of judicial resources to dismiss Plaintiff's duty to indemnify claim pursuant to the discretion afforded by the Declaratory Judgment Act.

## IV.   CONCLUSION

For the reasons stated, the Motion to Dismiss (d/e 71) filed by Defendants R.K. Administrative Services, LLC and RK Holdings, LLP is DENIED.


**ENTERED: March 29, 2021.**

**FOR THE COURT:**

<u>s/ Sue  E. Myerscough</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**